UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Robert Scott Batchelar** | : | **Civil Action No.** |
| **Individually and on behalf of all** | : | |
| **others similarly situated,** | : | **3:15-CV-01836 (VLB)** |
| | : | |
| **Plaintiff** | : | |
| vs. | : | |
| **INTERACTIVE BROKERS, LLC,** : | : | |
| **INTERACTIVE BROKERS GROUP,** | : | |
| **INC., and THOMAS A. FRANK** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## Memorandum In Support of Motions To Vacate or Amend Judgment And For Leave To File First Amended Complaint

Plaintiff, Robert Plaintiff Batchelar individually and on behalf of all others similarly situated, files this Memorandum In Support of Motions to Vacate or Amend Judgment and for Leave to File First Amended Complaint and shows unto the Court as follows:

1.  This Memorandum accompanies and supports two intertwined motions being [A] Plaintiff's Motion to Vacate or Amend Judgment and [B] Plaintiff's Motion for Leave to File First Amended Complaint. Both motions are filed of even date. The Motions are incorporated herein by reference. Under United States Supreme Court and Second Circuit authority, Plaintiff respect fully suggests that it would be an abuse of discretion to deny these motions. This authority is discussed in ¶¶6, 10, 12 – 15 *infra*.

2.  Defendants filed their motion to dismiss on February 19, 2016, requesting

1

that the case be dismissed with prejudice.[Dkt. #28]

3. On October 5, 2016, the Court entered judgment (the "Judgment") in favor of Defendants Interactive Brokers, LLC ("IB"), Interactive Brokers Group, Inc. ("IBG"), and Thomas A. Frank ("Frank") [Dkt. # 46]. The judgment was based on Order Granting Motion to Dismiss dated September 28, 2016, which granted Defendants' motion to dismiss under Fed. R. Civ. P. 12(b) (6). [Dkt. #45][1].

4. Pursuant to Fed. R. Civ. P. 59(e), 60(b), and 15(a) (2) Plaintiff has moved to vacate, amend, and alter the Judgment to provide that it is not a final judgment and that the dismissal is without prejudice to re-pleading and to further provide that Plaintiff has leave to file the First Amended Complaint that is attached as Exhibit 1 to this Memorandum.[2] If granted this would be Plaintiff's first amendment of his Complaint. The case is only at the pleading stage. Defendant has not answered. There has been no discovery, which was stayed. All pre-trial deadlines were stayed. There has been no Rule 16 conference.

5. Being conservative (but not conceding the point), Plaintiff acknowledges Second Circuit authority that "A court may grant a Rule 59(e) motion only if the movant satisfies the heavy burden of demonstrating 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hollander v. Members of the Bd. of Regents*

---

[1] Hereinafter a citation to a "Rule" refers to the Federal Rules of Civil Procedure.

[2] As further explained in ¶16 below, Exhibits 2 and 3 are the same proposed First Amended Complaint, but marked to show the changes.

2

*of the Univ. of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013).

6. However a motion to amend a complaint that meets the liberal post-judgment standard of the United States Supreme Court decision in *Foman* discussed below is a mandatory ground as a matter of law to grant a motion to set aside a judgment under Rule 59(e). *Williams v. Citigroup Inc.*, 659 F.3d 208, 211 and 212 - 214 (2d Cir. 2011); and see ¶¶10, 12, and 13 below. Denial of such motions is an abuse of discretion. *Id.*

7. Plaintiff made a motion to amend his complaint by an alternative request in ¶6 of Plaintiff's Memorandum in Opposition filed March 15, 2016 [Dkt. # 33].[3] This alternative request was repeated in the last sentence of Plaintiff's Sur-Reply filed, with leave from this Court, on June 13, 2016. [Dkt. #44][4] The Court did not reference this request to re-plead nor did the Court expressly dismiss the case with prejudice. But "dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice." *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 n.7 (2d Cir. 1991). The Court did not address the request for leave to re-plead.

8. Leave of court is required for Plaintiff to file this proposed amended Complaint. Rule 15(a) (2) provides in relevant part, "The court should freely give

---

[3] "Alternatively, Plaintiff prays that he be granted an opportunity to re-plead." The alternative request to amend was effective as a Rule 15(a)(2) motion to amend. *Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F. 3d 160,190 – 191 (2d Cir. 2015).

[4] "The motion to dismiss should be denied or alternatively, Plaintiff should be given an opportunity to re-plead."

3

leave when justice so requires." Generally, amendments are favored because they "tend to facilitate a proper decision on the merits." *In re Facebook, Inc., IPO & Secs. & Derivative Litig.*, 986 F. Supp. 2d 428, 472 (S.D.N.Y. 2013). <u>That standard applies to *post*-judgment motions to amend, as set out below.</u>

9.  The "mandate" of Rule 15(a)(2) "is to be heeded." *In re Facebook, Inc., IPO & Secs. & Derivative Litig.*, 986 F. Supp. 2d 428, 472 (S.D.N.Y. 2013), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

10. *Foman* is instructive and procedurally analogous. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

*Foman* involved an action to enforce an alleged oral agreement. The district court dismissed the complaint for failure to state a claim. After the dismissal, the plaintiff moved to vacate the judgment and to amend the plaintiff's complaint to seek recovery in quantum meruit. Quantum meruit was an entirely new cause of action that had not been previously pleaded. The district court denied the motion to amend.

The Supreme Court reversed, finding that it was an abuse of discretion not to set aside the judgment and grant leave to file the amended complaint.

The reversal sends a strong message in support of Plaintiff's request to re-plead. In *Foman*, the request to amend came after judgment and the Plaintiff requested leave to plead an entirely new legal theory. The motion to amend was treated as a Rule 59(e) motion and the Supreme Court reversed with instructions

to allow the amendment.

Since amendment of the judgment and leave to amend the complaint was required under the facts of *Foman*, amendment and leave should be granted to Plaintiff because Plaintiff's case for amendment is even stronger.

11.   There are, of course, circumstances that justify denying a motion for leave to file an amended complaint. *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010), states the rule in the Second Circuit:

> Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party. An amendment may be prejudicial when, among other things, it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.

There is no finding or any evidence of bad faith, undue delay, prejudice, or futility.  There was no suggestion that amendment would be futile. In fact, the Court makes a strong inference that if the facts had been more completely pleaded, Plaintiff would have survived the motion to dismiss. To wit:

<u>At page 4</u> of its opinion the Court lists several perceived pleading shortcomings

> "...but the Complaint does not itemize or specify his losses or which liquidated positions caused him damages. The Complaint also does not identify the programing error or how that error increased his margin deficiency."

<u>At page 7</u> footnote 1 the Court observes:

> "In opposition to the Motion to Dismiss, Plaintiff described one alleged "programming flaw" in further detail, arguing that Interactive's liquidation algorithm "needlessly depleted Scott's

collateral by buying back positions at prices more than ten times the prices paid by other market participants during the same period." [Pl. Surrep. at 2]. This argument, however, was not included as a factual allegation in Plaintiff's Complaint, and Plaintiff did not seek to amend the Complaint to include the allegation."[5]

**At page 11** the Court observes

"As between the Plaintiff and Interactive, there are no allegations giving rise to a duty to the Plaintiff other than the duties set forth in the Customer Agreement."

**And at page 12**, the Court observes

"there is no allegation that an industry standard existed."

\*\*\*

[and]

"the Plaintiff has not pled a single factual allegation suggesting a breach on the part of IBG or Frank beyond the sole allegation that a "programming error" existed in the software."

As shown in ¶16 and Exhibits 1 - 3, these perceived shortcomings are corrected by the proposed First Amended Complaint.

12.    We anticipate that the Defendants will argue that Plaintiff's motion to

---

[5] Plaintiff <u>did</u> request an opportunity to amend. ¶7 above. The statements of facts in the opposition are an inferred part of the request to amend if these facts were thought necessary.  Indeed, the Court's order grants "the Defendant's motion to Dismiss the Amended Complaint in its entirety," Order at 13, but there no amended complaint.

6

amend the Judgment and file an amended complaint should be held to a more exacting standard because the motion was filed after judgment and there is some authority to that effect. E.g. *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 417-18 (2d Cir. 1990). However recent Second Circuit establishes that this exacting standard is satisfied by a motion to amend that meets the liberal post-judgment standards of *Foman*. *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011).

13.   In *Williams v. Citigroup Inc.*, the district court denied a post-judgment motion on the ground that "Plaintiff . . . does not explain why she should be granted leave to replead at this stage when she failed to request an opportunity to replead in the first instance." 659 F.3rd at 212. The Second Circuit <u>reversed</u>, holding that

> "... [T]he district court applied a standard that cannot be reconciled with the Supreme Court's holding in *Foman*... The court did not explain precisely what it meant by "in the first instance." In the circumstances of this case, however, it can only have meant one of two things: that the plaintiff was under obligation to seek leave to replead either immediately upon answering the motion to dismiss the complaint (without yet knowing whether the court will grant the motion, or, if so, on what ground), or immediately upon receipt of the court's ruling granting the motion and prior to the entry of judgment thereupon. Regardless which of the two the court had in mind, *Foman* makes <u>unmistakably clear there is no such rule.</u>  ... <u>The *Foman* holding cannot be reconciled with the proposition that the liberal spirit of Rule 15 necessarily dissolves as soon as final judgment is entered.</u>" *Id.* (Emphasis added)[6]

---

[6] The Second Circuit's parenthetical in the above quote "(without yet knowing whether the court will grant the motion, or, if so, on what ground)"is pertinent to our facts. See also, *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930,

14.     Just this last March the Second Circuit followed *Williams v. Citigroup Inc.* in *Indiana Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 92 (2d Cir. 2016). It again reversed a district court that denied a post-judgment amendment. ("District Court erred in not granting leave to amend" at footnote 4). To the same effect is *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 167 - 168 (2d Cir. 2012) (reversed district court that denied post-judgment amendment of complaint).

15.     It should also be recalled that Plaintiff's motions under Rules 59(e), 60(b), and 15(a) (2) are bolstered by the fact that Plaintiff *did* make a <u>pre</u>-judgment request to amend, albeit in the body of a brief. ¶7 *supra* and *Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F. 3d 160, 190 – 191 (2d Cir. 2015).

16.     The proposed amendments are identified in Exhibits 1 – 3 attached hereto and incorporated herein by reference.

- <u>Exhibit 1</u> is the proposed First Amended Complaint, clean as to be filed.

- <u>Exhibit 2</u> is the same document but with color coding. Black is language in the Original Complaint; Blue are facts not expressly pleaded in the Original Complaint, but which

---

943 (7th Cir. 2012)("In applying Rule 15(a), the uncertainty in pleading standards resulting from the Supreme Court's decisions in *Iqbal* and *Twombly* also provides powerful reasons to give parties a reasonable opportunity to cure defects identified by a district court.") Here, Plaintiff argued at length that his original complaint was adequately pleaded and Plaintiff believed that the Original Complaint satisfied Rule 8(a).

were before the Court as part of Plaintiff's Opposition to the motion to dismiss [Dkt. #33] and sur-rely [Dkt. #44]; Green are new points not expressly pleaded in either the Original Complaint or Plaintiff's opposition papers; and Orange is new transitional language[7]; and

- Exhibit 3 is a computer generated redline comparison of the proposed First Amended Complaint with the Original Complaint.[8]

17.   These proposed amendments add no new causes of action and are well within the liberal post-judgment standard of *Foman* and *Williams v. Citigroup Inc.* The proposed amendments correct the perceived shortcoming in the pleading of Plaintiff's causes of action.

Plaintiff prays that the Court amend and modify the Judgment to provide that the dismissal is without prejudice to re-pleading and to further provide that Plaintiff may file the First Amended Complaint that is attached hereto and incorporated herein by reference as Exhibit 1.

---

[7] The color coding into these categories is not a precise science and may be subject to some disagreement. To avoid all doubt of the changes proposed, Exhibit 3 is a computer generated comparison of the proposed First Amended Complaint with the Original Complaint.

[8] Plaintiff believes that all blue and green and orange points actually were fairly within the Original Complaint under the pleading standards of Rule 8(a). Accordingly the phrase in the text above, "not expressly pleaded," and the blue and green and orange color coding do not admit otherwise. Rather said language and color coding reflects Plaintiff's judgment of what Defendants will contend.

Respectfully submitted,

/s/_____
William M. Bloss (ct01008)
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 FAIRFIELD AVENUE
BRIDGEPORT, CT 06604
Tel: (203)336-4421
Fax: (203)368-3244
Email: bbloss@koskoff.com
Counsel for Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that on the 12th day of October, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

BY: /s/_____

William M. Bloss