UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Robert Scott Batchelar** | : | Civil Action No. |
| **Individually and on behalf of all others similarly situated,** | : | |
| | : | 3:15-CV-01836 (VLB) |
| | : | |
| **Plaintiff** | : | |
| | : | |
| vs. | : | |
| **INTERACTIVE BROKERS, LLC, et al** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

# Plaintiff's Reply Memorandum In Support of Motion To Vacate And For Leave to Amend

Plaintiff, Robert Scott Batchelar, files this Reply to Defendants' ("IB") Memorandum of Law in Opposition dated November 2, 2016 [Dkt. 50] ("IB Opp.").

1. Summary.

IB continues to argue this as a wrongful liquidation case in which Plaintiff challenges the business decisions of IB. It is not. It is about a software programming flaw.

In this reply we "map out" the pleadings that state each claim. Then we address six selected issues raised in the Response, leaving to the Motion to

1

Amend, Plaintiff's opposition to the motion to dismiss, and sur-reply thereto, to answer the remaining entirety of IB's response.[1]

## 2. Plaintiff Did State a Claim Upon Which Relief Can Be Granted [(12)(b)(6)].

A *Twombly* analysis is a two-step process. First, the Court should identify the factual allegations and, second, determine if the Plaintiff has plausibly pleaded liability when those facts are accepted as true. In the second step, the Court should find the claim plausible even if the court believes that the claim is "doubtful in fact." "At the same time, the court must assume the factual allegations in the complaint to be true, 'even if [they are] doubtful in fact,' … and a complaint may not be dismissed 'based on a judge's disbelief of a complaint's factual allegations…'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

---

[1] IB's response is largely a duplication of its original motion to dismiss. Given page limitations and to avoid repetition we answer legal arguments by reference to Plaintiff's opposition papers. By such expedient we do not merely re-hash what we lost. Far from it, the proposed FAC corrects the perceived deficiencies found in our original complaint. Herein Plaintiff's Memorandum in Opposition to Defendant' Motion To Dismiss dated March 14, 2016 [Dkt. # 33] is called the Orig. MTD Opp. Herein Plaintiffs Memorandum in Support of Motions to Vacate or Amend And For Leave to File First Amended Complaint [Dkt. #49] is called the "Mem. Leave to File" Herein Plaintiffs Sur-Reply to Motion to Dismiss [Dkt. #44] is called "MTD Sur-Reply."

a. Plaintiff Plausibly Pleaded All the Elements Of Breach of Contract (IB Opp. pages 6 – 12)[2]

*Part 1 of Twombly on Contract Claim:*

The following sub-sections (i) – (vi) identify each element of a breach of contract claim and identifies the FAC paragraphs that are the factual allegations that support each respective element. Then following sub-section (vi) Plaintiff applies the second step of *Twombly* to those factual allegations.

    i. A contract: FAC ¶¶ 24, 27, 40, 44, 45, 46, 109, 110, 111, 112, 113, 114 – 119, 121.

    ii. IB's interpretation is that the liquidation clauses in the contract are for their benefit and the benefit of the customers to avoid excessive losses: FAC ¶¶45-46, 78, 111, 112.

    iii. Batchelar's Performance[3]

        1. He did perform: FAC ¶¶ 42, 43, 79, 120, 122.

        2. IB breached first: FAC ¶80.

        3. Performance Excused: FAC ¶¶81 – 83.

        4. Performance Not Required To Enforce Default Provisions: FAC ¶¶27, 44 – 46, 57, 58, 80

---

[2] Orig. MTD Opp. pages 4 – 8. And MTD Sur-Reply pages 4 - 6, as refined in FAC in FAC paragraphs identified above.
[3] Orig. MTD Opp. pages 9 – 19.

    iv. **IB breach (liquidation with software flaw that produces excessive losses): FAC ¶¶47, 50 – 59, 62, 66 – 78, 84 – 88, 90, 109, 110, 111, 112, 113, 114 – 119 and Exhibit A.**

    v. **Alternatively, the contract is ambiguous: FAC ¶123.**

    vi. **Damages: FAC ¶¶ 4, 6, 67 -78, 85 – 87, 124, Exhibit A.**

*Part 2 of Twombly on Contract Claim:*

**When the Court accepts as true all of the above factual allegations (as it must), then there is a plausible breach of contract claim unless the Court finds as a matter of law that Sections 11(C) and 6 of the customer contract are not ambiguous and are not breached by use of a flawed liquidation computer program that is demonstrated to cause *gross* excessive losses.**

  b. **Plausibly Pleaded the Elements of Negligence** [4](**IB Opp. pages 18- 20**)

*Part 1 of Twombly on Negligence Claim:*

**The following sub-sections (i) – (iii) identify each element of Plaintiff's negligence claim and identifies the FAC paragraphs that are the factual allegations that support each respective element. Then following sub-section (iii) Plaintiff applies the second step of Twombly to those factual allegations.**

    i. **Duty: FAC ¶¶ 7, 16 – 23, 25, 26, 34 – 35, 38, 40, 44-46, 96 – 98, 104, 105, 125, 126, 127, 134, and 135.**[5]

---

[4] **Orig. MTD Opp. pages 26 – 34.**

[5] **MTD Sur-Reply pages 6 – 8.**

      ii. Breach and causation: FAC ¶¶47, 50 – 59, 66 – 78, 84 - 88, 96, 102, 109 – 119, 128 – 130, and Exhibit A.

      iii. Foreseeable damage: FAC ¶¶ 4, 6, 97, 99 – 101, 132, 133, and Exhibit A; and §2(a)(vi) above.

*Part 2 of Twombly on Negligence Claim:*

When the Court accepts as true all of the above factual allegations (as it must), then there is a plausible negligence claim. The only possible exception would be for the Court to be led by IB into the error of finding no duty as a matter of law. Such a finding is not supported by the law of Connecticut.[6]

   c. **Plausibly Pleaded the Elements of Commercial Unreasonableness** [7](IB Opp. pages 12 – 18)

*Part 1 of Twombly on Claim of Commercial Unreasonableness:*

The following sub-sections (i) – (v) identify each element of Plaintiff's claim that IB's acts and omissions were commercially unreasonable and identifies the FAC paragraphs that are the factual allegations that support each respective element. Then following sub-section (v) Plaintiff applies the second step of *Twombly* to those factual allegations.

      i. General: FAC ¶¶136 - 139

      ii. Common Law: FAC ¶¶ 140 – 143, 145 - 148

---

[6] Orig. MTD Opp. pages 26 – 34 and Sur-Reply pages 6 – 8, as refined in the FAC paragraphs identified above.

[7] Orig. MTD Opp. pages 23 – 26 and Sur-Reply pages 8 – 9, as refined in the FAC paragraphs identified above.

      iii. Implied by incorporation of rules and regulation: FAC ¶¶ 110, 113 – 115, 147 – 148, 155.

      iv. Article 9 UCC (Disposition of Collateral): FAC ¶¶149 – 155.

      v. Damages: §2(a)(vi) and §2(b)(iii) above.

*Part 2 of Twombly on Claim of Commercial Unreasonableness:*

When the Court accepts as true all of the above factual allegations (as it must), then there is a plausible claim for commercial unreasonableness. Even if the Court dismissed all non-statutory sources for this claim[8] (which would be error), IB simply cannot get around the un-waivable UCC duty of commercial reasonableness in disposition of collateral.[9] IB's arguments against the UCC claim are all fact based, and disputed facts at that.

3. Reply to Certain Points in Response

Showing, in §2 above, that the FAC does state a claim is a sufficient answer to all of the particular arguments IB makes in its Opposition. Given page limitations and bearing in mind the prior briefing on the motion to dismiss, we here only reply to six of IB's particular points.

---

[8] Orig. MTD Opp. pages 22 – 26 and MTD Sur-Reply pages 8 – 9, as refined in the FAC paragraphs identified above.

[9] Orig. MTD Opp. pages 25 – 26 and MTD Sur-Reply pages 8 – 9, as refined in the FAC paragraphs identified above.

    a. IB attack on FAC Exhibit A [IB Opp. pages 2, 13, 21, 22]

We understand why IB attacks FAC Exhibit A so strongly and with such pernicious and misleading arguments. FAC Exhibit A shows the gross, frightening danger posed by IB's flawed auto-liquidation algorithm and the damage Plaintiff suffered from it. And IB desperately wants to draw attention away from Exhibit A. The only defense IB offers is fantastical.

IB says that the trades were not really at the same time, there were not really other willing buyers, that Plaintiff is complaining that IB did not "wait," and similar arguments IB Opp. pages 2, 13, 21, 22.  FAC Exhibit A shows trades within 25 milliseconds.

In any event, the statements of fact in the FAC (including Exhibit A) must be accepted as true.[10]

    b. IB asserts the economic loss rule as a defense against the negligence claim (IB Opp. pages 18 – 19.)

The economic loss rule does not bar Plaintiff's negligence claims against IB because Plaintiff has pleaded the breach of contract and negligence counts in the alternative and "the economic loss doctrine does not prohibit Plaintiffs from pleading contractual and tort claims in the alternative." *Tobia v. United Group of Companies, Inc*, 2016 WL 5417824, at *25 (N.D.N.Y. Sept. 22, 2016) (citing *Anwar v. Fairfield Greenwich Ltd.,* 728 F. Supp. 2d 372, 414 (S.D.N.Y. 2010) (same)); *Allstate*

---

[10] IB relies heavily on Plaintiff's account statement IB Opp. pages 21 – 22. The copy IB attached facially was obtained from discovery from Plaintiff (it bears a Plaintiff Bates number), discovery denied Plaintiff.

7

*Ins. Co. v. Wilson*, 18 F. Supp. 3d 156, 163 (D. Conn. 2014) (alternative pleading allowed); *Fenwick v. Merrill Lynch & Co., Inc.,* 2007 WL 2727436, at *3 (D. Conn. Sept. 19, 2007) (same); see also Fed. R. Civ. P. 8(e). There is no privity between Plaintiff and Frank or IB Parent; Plaintiff has pleaded a foreseeable duty arising from Frank's and IB Parent's work in developing and maintaining the faulty algorithm. In this circumstance the economic loss rule does not bar Plaintiff's negligence claims against Frank and IB Parent. *Mastrobattisto, Inc. v. Nutmeg Util. Products, Inc.,* 2016 WL 1165107, at *6 (Conn. Super. Feb. 23, 2016) (citing a collection of authority supporting the cited proposition, which authority is incorporated herein by reference).[11]

   c. No private cause of Action under SEC 15c3-5

IB argues that there is no private cause of action under SEC 15c3-5. That is a strawman. Plaintiff does not make that argument.

Plaintiff's reference to SEC 15c3-5 appears in FAC ¶57. It appears in a section that addresses the Court's view that Plaintiff had not adequately pleaded the nature of the software flaw and that no industry standard existed. See FAC ¶47 and FAC paragraphs referenced therein, including FAC 57.

---

[11] For a more general discussion of the economic loss rule see Orig. MTD Opp. pages 28 – 29.

    d. The expansive rights granted under the contract are <u>not</u> inconsistent with Plaintiff's "only to satisfy" reading to the contrary. [IB Opp. page 10]

IB says it has the right to liquidate "all or part" of Plaintiff's account "in its entirety," "at any time and in any manner," "without prior notice."[12] IB Opp. page 10. IB cites these provisions as foreclosing Plaintiff's interpretation of §11(C) of the customer contract.

The powers claimed by IB are not inconsistent with Plaintiffs reading of §11(C). IB could do all of the things it asserts as its powers, so long as "for the purpose of satisfying Margin Requirements."[13]

What IB cannot do is make a liquidation trade that is not for the purpose of satisfying margin requirements but rather is the result of bad computer code that does not – and, as a simple matter of math – cannot have the purpose of satisfying margin requirements.

    e. This is not a motion for summary judgment.

At bottom most of IB's arguments are nothing but a disputation of the facts

---

[12] IB also states that the contract grants IB the right to liquidate an account even if there is no deficiency citing §11(D)(iv) of the customer agreement. That section governs certain specified types of liquidation that were not invoked by IB. At best for IB those D(iv) provisions further supports a finding that the contract is ambiguous, because it is in direct contradiction of §11(C) of the contract.

[13] Defendants now treats these powers as if they are a super-exculpatory clause that protects IB from all liability. If such (which is disputed) those powers would not be enforceable because it is not "well drafted" and is against public policy under *Hanks v Powder Ridge Corp.*, 885 A.2d 734 (Conn. 2005). For relevant factors see FAC ¶¶ 7, 16 – 2634, 37, 40, 44 – 46, 48 – 49, 60, 65, 78, 88, 99 – 101, 104, 106 – 108.

pleaded in the FAC and its Exhibit A. These arguments must be disregarded.

f. Request to re-plead in brief is valid (IB Opp. page 5 n.1)

IB argues that Plaintiff's pre-judgment request to re-plead is not effective. IB is wrong, see authority cited in Mem. Leave to File, page 3, n. 3 and page 8.

4. Conclusion

IB has not overcome Plaintiff's right to have the judgment vacated and to re-plead. In the order the Court expressly identified statements in the Orig. MTD Opp. that were not in the original complaint. These are identified on pages 5 and 6 of the Mem. Leave to File [Dkt. 49]. The proposed FAC corrects these perceived deficiencies and all others identified by the Court. The judgment should be vacated, the FAC filed, and Defendants be required to answer.

| | |
|---|---|
| ORGAIN, BELL & TUCKER, L.L.P.<br>Gary Neale Reger<br>TSB No. 16733200<br>470 Orleans, 4th Floor (77701)<br>P.O. Box 1751<br>Beaumont, Texas 77704-1751<br>Tel: (409) 838-6412<br>Fax: (409) 838- 6959<br>gnr@obt.com<br><br>LAW OFFICE OF L. DEWAYNE LAYFIELD<br>L. DeWayne Layfield<br>TSB No. 12065710<br>P.O. Box 3829<br>Beaumont, Texas  77704-3829<br>409-832-1891 – phone<br>866-280-3004 – fax<br>dewayne@layfieldlaw.com | Respectfully submitted,<br><br>/s/_____<br>William M. Bloss (ct01008)<br>KOSKOFF, KOSKOFF & BIEDER, P.C.<br>350 FAIRFIELD AVENUE<br>BRIDGEPORT, CT 06604<br>Tel: (203)336-4421<br>Fax: (203)368-3244<br>Email: bbloss@koskoff.com<br><br>Counsel for Plaintiff |