UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ROBERT SCOTT BATCHELAR,** | : | **CASE NO. 3:15-cv-01836-VLB** |
| | : | |
| **Plaintiff,** | : | |
| **V.** | : | |
| | : | |
| **INTERACTIVE BROKERS, LLC,** | : | **July 22 2019** |
| **INTERACTIVE BROKERS** | : | |
| **GROUP, INC., and THOMAS A.** | : | |
| **FRANK,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S MOTION FOR PERMISSION TO FILE SUR-REPLY

Plaintiff Robert Scott Batchelar hereby moves for permission to file a four page sur-reply to Defendants' reply in support of Defendants' proposed draft of Source Code Supplement to the Standing Protective Order.  Plaintiff seeks to file this sur-reply, attached to this motion, in order to address two issues.

First, as Defendants' invited in their Reply, Plaintiffs have accepted some of Defendants' most recent changes to the proposed Supplemental Protective Order and proposed further compromises, thus, narrowing the dispute before the Court.   The sur-reply presents the narrowed issues of dispute.

Second, in its Reply Defendants presented alleged <u>new</u> evidence that Defendants claim bolsters the necessity for the disputed provisions in Defendants most recent draft order.  Plaintiff should have the opportunity to dispute that new allegation of the sharing of information in this case with lawyers in another case –

baseless as it is -- which we do in the attached surreply and the attached

declaration of William Shepherd.

WHEREFORE, Plaintiff respectfully requests that the Court allow him to file

the attached sur-reply for consideration of the Court prior to ruling on

Defendants' Motion to Dismiss.

Respectfully submitted,

/s/_____

Gary N. Reger (TSB No. 16733200)
Orgain, Bell and Tucker, LLP
207 San Jacinto Blvd., Suite 301
Austin, TX 78701
Tel: (512) 861-0441
Email: gnr@obt.com

L. DeWayne Layfield (TSB No. 12065710)
Law Office of L. DeWayne Layfield, PLLC
P.O. Box 3829
Beaumont, TX 77704
Tel: (409) 832-1891
Email: dewayne@layfieldlaw.com

William M. Bloss (ct01008)
Christopher M. Mattei (ct27500)
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 FAIRFIELD AVENUE
BRIDGEPORT, CT 06604
Tel: (203)336-4421
Fax: (203)368-3244
Email: bbloss@koskoff.com
Email: cmattei@koskoff.com

Counsel for Plaintiff

## Certification of Service

I hereby certify that on the 22nd day of July 2019, a copy of the foregoing Plaintiff's Sur-Reply to Defendants' Reply Memorandum was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/_____
William M. Bloss

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ROBERT SCOTT BATCHELAR,** | : | **Civil Action No.** |
| **Individually and on behalf of all** | : | |
| **others similarly situated,** | : | **3:15-CV-01836 (VLB)** |
| | : | |
| **Plaintiff** | : | |
| **vs.** | : | |
| | : | |
| **INTERACTIVE BROKERS, LLC,** | : | **July 22, 2019** |
| **INTERACTIVE BROKERS GROUP,** | : | |
| **INC., and THOMAS A. FRANK** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**Plaintiff's Sur-Reply Memorandum to Defendants' Invited Filing to Narrow Differences And To Address And Dispute An Alleged New Fact Concerning Discovery in an Arbitration**

Plaintiff files this Sur-Reply to advise the Court that (1) Plaintiffs have accepted some of Defendants' most recent changes to the proposed Supplemental Protective Order and proposed further compromises, thus narrowing the dispute before the Court; and (2) Defendants' suggestion that Plaintiff or his counsel have violated or will violate the Standing or Supplemental Protective Orders is unfounded and untrue.

### A. Fewer Disputed Issues Remain for the Court

As invited by Defendants,[1]  Plaintiff has reviewed Defendants' recent draft

---

[1] Defendants at page 2 of their filing of July 16, 2019 (ECF Doc. 119), invited Plaintiff to advise the Court if Plaintiff may be able to agree to certain of the Defendants' proposed changes.

filed with this Court and very little disagreement remains. Attached as Exhibit A is a clean version of Plaintiff's most recent proposal for narrowing the gap and Plaintiff attaches as Exhibit B a redline version showing very limited disagreement.  The remaining areas of *substantive* disagreement are expert disclosures (Redline Exhibit B p. 3 and n. 1) and exceptions to restrictions on use (Redline Exhibit B pp. 9 and 10). There are other important language differences shown on pp. 2 and 5 of the redlined Exhibit B.  Plaintiff has provided Exhibits A and B to Defendants with the hope they will agree to Plaintiff's latest proposed compromise on the remaining issues.

**B.  Defendants' Suggestion that Plaintiff or His Counsel Have Violated or Will Violate the Standing or Supplemental Protective Orders is Unfounded and Untrue.**

This new proposed Exhibit A draft should resolve Defendants' stated concern with respect to our consulting with attorneys who have not appeared in this case (further addressed below). However, from that concern, Defendants wrongly accuse Plaintiff of passing confidential information to other counsel, William Shepherd, who they infer used it in an arbitration.  Mr. Shepherd (or more accurately the law firm named after him) is Defendants' purported new evidence that their concern about passing information to others is well founded.[2]  This

---

[2] IB expressed its "concern" as follows, with emphasis added: "Defendants' proposal is based on a real concern here … *That concern has proven to be well-founded.* … On July 9, 2019, Defendants became aware that in [another] confidential arbitration involving Defendant Interactive Brokers LLC and customers other than Plaintiff, counsel for the customers sought all discovery produced in this action. … Shepherd Smith Edwards & Kantas—the firm of which William S. Shepherd is an attorney—is counsel for the customers in that arbitration proceeding…." Defendants' Reply ¶ 2, pp. 3 -4 [Dkt. 119].

2

assertion, in a public pleading, is baseless.

Defendants argue that the presence in an arbitration of the firm Mr. Shepherd founded confirms the legitimacy of Defendants' concern, because, Defendants argue, the firm Mr. Shepherd founded "sought [in the arbitration] all discovery produced in this action [our suit]." Defendants' Reply implies that attorney Shepherd transmitted confidential information to parties in the arbitration. That simply is not true. That Defendants chose to make this assertion in a reply brief, without any due diligence to determine its veracity, is deeply discouraging.

Attached as Exhibit C is a declaration of William Shepherd that discloses his status with the Shepherd, Smith firm and confirms he has not seen any confidential Defendant documents, let alone "leaked" them. Mr. Shepherd states that, while he founded the Shepherd, Smith firm and is carried on the firm's insurance as "of counsel," he is retired and is not active as a partner, limited partner or otherwise an owner, employee or contractor of that firm.[3] He has not had access to any of the documents produced by Defendants in this action which are stamped Confidential, Attorney's Eyes Only, Source Code, or similar derivative. He has not disclosed any such information. Mr. Shepherd is not counsel of record in this or any other case pending against Defendants. *See* Exhibit C

Plaintiff's case against IB here is disclosed by Defendants in Defendants'

---

[3] Mr. Shepherd does receive a fixed rental payment from the firm. See Exhibit C.

3

SEC filings, is readily available on Pacer, and is the subject of published news articles and a public opinion of the Second Circuit.  The pendency of this case and its subject matter is not secret. Indeed, the discovery sought and the objections that Defendants sought to adjudicate are filed on the Pacer docket of this case as part of a discovery dispute and Defendants did not move to seal the information.  (Doc. 94-1).  It cannot be a surprise, much less evidence of violation of a protective order, that counsel in another case against Interactive Brokers followed standard discovery practice and, apparently, sought discovery of documents produced in this case in the arbitration.[4]

## Conclusion

The Standing and Proposed Supplemental Protective Orders provide the following core protections (1) Source Code produced in this case cannot be used for any purpose other than this litigation, and (2) Source Code cannot be disclosed to non-Source Code Qualified persons in this litigation.  These two protections are sufficient to protect Defendants' trade secrets and competitive advantage.  Defendants have not shown otherwise.

What Defendants do, without any proof, is to assume Source Code Qualified persons will violate protections (1) and (2).  On this baseless assumption Defendants overreach, seeking to prospectively prohibit Source Code Qualified persons from participating in litigation against Defendants involving Source Code ever again.   Defendants make no distinction for

---

[4] Defendants likely will have the right to oppose discovery in that arbitration.

circumstances in which the Source Code is produced in future litigation, or instances in which examination of the Source Code is not required.   The form of Supplemental Protective Order attached as Exhibit A provides robust protection for Defendants' trade secrets and confidential information without prejudging issues that should be decided in the future by other courts on the record that exists at that time.  Plaintiffs request that the Court enter the Supplemental Protective Order attached as Exhibit A.

Respectfully submitted,
/s/_____
William M. Bloss (ct01008)

Gary N. Reger (TSB No. 16733200)
Orgain, Bell and Tucker, LLP
207 San Jacinto Blvd., Suite 301
Austin, TX 78701
Tel: (512) 861-0441
Email: gnr@obt.com

Christopher M. Mattei (ct27500)
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 FAIRFIELD AVENUE
BRIDGEPORT, CT 06604
Tel: (203)336-4421
Fax: (203)368-3244
Email: bbloss@koskoff.com
Email: cmattei@koskoff.com

L. DeWayne Layfield (TSB No. 12065710)
Law Office of L. DeWayne Layfield, PLLC
P.O. Box 3829
Beaumont, TX 77704
Tel: (409) 832-1891
Email: dewayne@layfieldlaw.com

Counsel for Plaintiff

## Certification Of Service

I hereby certify that on the 22nd day of July, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/_____
William M. Bloss

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SCOTT BATCHELAR,    :     CASE NO.  3:15-cv-01836-VLB
                             :
          **Plaintiff,**    :
      **V.**                   :
                             :
**INTERACTIVE BROKERS, LLC,**    :
**INTERACTIVE BROKERS GROUP,**    :
**INC., and THOMAS A. FRANK,**    :
                             :
          **Defendants.**    :
                             :     July _, 2019

**[PROPOSED] PROTECTIVE ORDER**
**GOVERNING THE STANDARD FOR ACCESS TO DEFENDANTS' SOURCE CODE**

Disclosure and discovery activity in the above-referenced action involves the production of Defendants' Source Code, which Defendants claim is highly confidential, proprietary, and sensitive business information, for which special protection from public disclosure and from use for any purpose other than prosecuting this action is warranted.  Accordingly, the parties shall follow this Protective Order (the "Protective Order").

1.    **STANDING PROTECTIVE ORDER.**

    a.    This Protective Order shall supplement and modify the Standing Protective Order entered in the above-referenced action on December 18, 2015 (ECF No. 5) (the "Standing Protective Order").

2.    **"SOURCE CODE" Materials, Information or Items.**

    a.    For the purposes of this Protective Order, the term "Action" herein shall refer to the above-captioned litigation and any appeals therefrom.

    b.    For the purposes of this Protective Order, the term "Source Code" herein shall mean and refer to what Defendants claim is Defendants' sensitive, confidential materials, information or items representing computer source code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe the algorithms or structure of software or hardware designs, disclosure of which to Plaintiff or any non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Any Source

Code materials, information or items that Defendants produce in this Action will be designated "HIGHLY CONFIDENTIAL SOURCE CODE

INFORMATION – ATTORNEYS' EYES ONLY," in accordance with Paragraph four of the Standing Protective Order.   Nothing in this Protective Order shall be construed to limit how Defendants may maintain their own material designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY." To avoid any confusion, the provisions of ⁋12 of the Standing Protective Order apply to material designated as Source Code <u>Information</u>

c.    The provisions of this Protective Order and the Standing Protective Order apply to any Source Code produced before the Protective Order is so ordered by the court in this Action.

3.    <u>SOURCE CODE QUALIFIED PERSONS</u>.

a.    Any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY" in this Action shall only be reviewable by Source Code Qualified Persons.

b.    "Source Code Qualified Persons" shall refer to Plaintiff's Agent(s), who have been retained by Plaintiff to assist Plaintiff in this Action. Source Code Qualified Persons shall only include the following: (1) Outside Counsel of Record in this Action,   who have filed an appearance in this Action for Plaintiff, and office personnel, support staff, (i.e., persons or entities that provided litigation support services), paralegals, and legal assistants who are employed or retained by the same firm as that of Outside Counsel of Record in this Action; and (2) Outside Consultants or Outside Experts (collectively, "Experts" or "Expert") in this Action as defined herein and under Paragraph 5(c) of the Standing Protective Order.   "Outside Consultants" herein shall refer to testifying and consulting experts. Each Source Code Qualified Person who needs access to Defendants' Source Code shall sign the form that is attached as Exhibit A to the Standing Protective Order.

c.    Unless otherwise ordered by the Court or agreed to in writing by Defendants, and before Plaintiff seeks to disclose to any Experts any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY" in this Action, Plaintiff must make the following written notice to Defendants (the "Written Notice"):

i.    Sets forth the full name of the Expert and the city and state of his or her primary residence;

ii.   Attaches a copy of the Expert's current resume, reflecting the Expert's qualifications, including a list of all publications authored in the previous 10 years, and a list of all other cases in which, during the previous four (4) years, the Expert testified as an expert at trial or by deposition. This provision also applies to Outside Consultants as defined in Paragraph 3(b)

2

herein;

iii. Discloses (1) whether the Expert was retained in any matter, pre-litigation matter, litigation, action, arbitration or proceeding involving a Competitor of Defendants, within the last four years, and (2) whether, at the time of the Written Notice, the Expert is presently retained in any matter, pre-litigation matter, litigation, action, arbitration or proceeding involving any of the Defendants, unless with respect to subsections (1) and (2) herein, confidentiality obligations in the other matter, pre-litigation matter, litigation, action, arbitration or proceeding prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1] "Competitor of Defendants" herein shall mean any broker-dealer.  If either or both of these subsections apply to the Expert, the Written Notice shall identify (by name, case number, and filing date) the matter, litigation, arbitration, action or proceeding, unless confidentiality obligations in the other matter, litigation, arbitration, action or proceeding prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]

1. If the Expert, at the time of the Written Notice, is presently retained in any matter involving any of the Defendants (but that is not a litigation, action, arbitration or proceeding), the Written Notice shall provide a description of the Expert's services rendered, or to be rendered, in connection with the matter, unless confidentiality obligations in the other matter prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]

2. If the Expert was retained in any matter involving a Competitor (but that was not a litigation, action, arbitration or proceeding), the Written Notice shall identify the Competitor and provide a description of the Expert's services rendered in connection with the matter,  unless

---

[1] If the Expert's  disclosure of information under Paragraph 3(c)(iii) herein would require him or her to violate a written or oral confidentiality agreement that he or she contemporaneously signed or made with his or her engagement as an expert or would require him or her to violate a confidentiality order that was contemporaneously entered in the other matter, prelitigation matter, litigation, action arbitration or proceeding involving a Competitor of Defendants or any of the Defendants as defined under subsections (1) and (2) therein, the Expert shall provide whatever information the Expert believes can be disclosed without violating the applicable confidentiality agreement or order, and Plaintiff shall be available to meet and confer with Defendants regarding any such engagement.  If the parties are unable to resolve the issue during the meet and confer process, the issue of the Expert's disclosure under Paragraph 3(c)(iii) shall be decided under the procedure outlined in Paragraph 3e herein.

confidentiality obligations in the other matter prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]

iv. Identifies the Expert's current employer(s) and clients, unless confidentiality obligations prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations;[1]

v. The Written Notice shall be made by personal service or email to Defendants at least fifteen (15) days before the parties' agreed-upon disclosure of any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY."

d.    In the event that Defendants object to the Expert identified by Plaintiff in the Written Notice, Defendants shall provide written notice of their objection to Plaintiff's identified Expert within seven (7) days of receiving the Written Notice.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute is not resolved within seven (7) days from receipt by Plaintiff of the written notice of objection, either party may request appropriate relief from the Court.    It is agreed that the standard for an Expert's disqualification is set forth in Paragraph 3(e) herein. The identified Expert shall be denied access to any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY," until the dispute is resolved by agreement between the parties in question or until decided by the Court, Magistrate Judge or Special Master.

e.    Plaintiff's Expert will be presumptively disqualified subject to a contrary court order if any of the following applies: (1) the Expert was employed by a Competitor of Defendants, including as a consultant, within the last three (3) years, (2) the Expert, at the time of retention, is anticipated to become an employee or consultant of a Competitor of Defendants, or (3) the Expert was an employee of any of the Defendants or an employee of any affiliate of Defendants.   If the foregoing do not apply, or if countervailing confidentiality requirements have been raised by the Expert with respect to the disclosure the disqualification of the Expert will be determined by the Court, a Special Master or a Magistrate Judge upon an *in-camera* review of the confidentiality agreement or confidentiality order under which the Expert is asserting countervailing confidentiality obligations.

f.    If Defendants do not object to Plaintiff's identified Expert within seven (7) days of receipt of Plaintiff's Written Notice, said Expert shall be a Source Code Qualified Person.  Plaintiff shall deliver, within five (5)

days thereof, to Defendants an executed copy of the Expert's signed form that is attached as Exhibit A to the Standing Protective Order, which is required pursuant to Paragraph 5(c) of the Standing Protective Order.

g.    In the event that any proposed Expert is disqualified, Plaintiff shall have the right to propose a different Expert and seek an extension of all affected deadlines, which Defendants will not oppose if the extension is reasonable.    Even if an Expert is disqualified from reviewing the Source Code, he or she may consult or testify on other subjects, including, but not limited to, Defendants' Auto-Liquidation Software (and flaws therein) if the Disqualified Expert's opinions, testimony, and any other work product rendered in this Action do not rely upon  any information obtained from a Source Code Qualified Person's review of the Source Code. Upon motion and approval by the Court, a Disqualified Expert may also review the report or opinion of a Source Code Qualified Expert only if the report or opinion does not reveal any information obtained from the Source Code Qualified Expert's review of the Source Code, and, if otherwise appropriate, rely on that report or opinion, to the extent it does not reveal any information obtained from the Source Code Qualified Expert's review of the Source Code.

4.    <u>METHOD OF ACCESS TO SOURCE CODE</u>.

a.    At mutually agreeable time(s) by the parties, the Source Code shall be made available for inspection with 48 hours' notice, in a format allowing it to be reasonably reviewed and searched on a stand-alone, secured computers, during normal business hours at the office of Day Pitney, 242 Trumbull Street, Hartford, CT 06103 (the "Reviewing Location"), subject to the following conditions:

   i. By July 26, 2019, Defendants will provide a non-binding estimate of the volume of production of Defendants' Source Code to the extent as available.

   ii.  All produced Source Code documents must have a unique identifier on each page and be searchable.  The Source Code will be produced in Java or C++ computer programming language, as applicable.

   iii. Each Source Code Qualified Person who will review the Source Code on behalf of Plaintiff shall be identified in writing to Defendants at least fifteen (15) days in advance of the first time that such person(s) reviews such Source Code.  Copies of proper identification of Source Code Qualified Persons shall be provided prior to any access to the Reviewing Location. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, the government of the United States, or

the nation state of the Source Code Qualified Person's current citizenship. Such identification shall be in addition to any disclosure required under Paragraph 3 herein. Access to the Reviewing Location may be denied, at the discretion of Defendants, to any Source Code Qualified Person who fails to provide proper identification. For subsequent reviews by Source Code Qualified Persons, Plaintiff shall give at least five (5) business days' notice to Defendants of such review.

iv.  At Defendants' cost, Defendants will provide one secured, stand-alone computer at the Reviewing Location. At Plaintiff's cost, Defendants will provide and retain four additional secured, stand-alone computers at the Reviewing Location. The cost of the four additional computers shall be reasonable with the prices advertised at HP.com for comparable computers being presumptively reasonable.

v.  At the Reviewing Location, the Source Code shall be made available for inspection on the five stand-alone, secured computers in a secured room without Internet access or network access to other computers, and Source Code Qualified Persons shall not copy, remove, photograph, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device other than the fixed hard disk on the stand-alone computers.

b.  Defendants will print and produce portions of the Source Code if requested by Plaintiff's Expert within a reasonable period of time after receiving the request (e.g., three (3) business days). Such hardcopies may be made on watermarked paper at Defendants' election. Any individual request seeking more than 25 consecutive pages or resulting in a cumulative total of more than 3% of all Source Code produced is unreasonable (which may be rebutted). Plaintiff's Expert may request printed portions of additional Source Code beyond these limits upon a reasonable showing of need. Defendants may mark printed Source Code pages or portions, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (SOURCE CODE)," to signify that the Source Code is being produced under the Standing Protective Order entered in this Action and under the terms described in this Protective Order.

c.  All paper copies of the Source Code produced pursuant to this Stipulation will be kept in a locked container at the Reviewing Location. Plaintiff's Expert may review these paper copies at the Reviewing Location, and Plaintiff's Expert agrees that he or she will not copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the printed copies of the Source Code, either in paper or electronic form, except as otherwise agreed by the parties.

d.  Without written permission from Defendants or a court order secured after appropriate notice to Defendants, Plaintiff may not file in this Action or any other action, proceeding, investigation or arbitration, any material that reflects any information based on any Qualified Source Code Person's review of the Source Code.  Should the Court order the production of any material reflecting any information based on any Qualified Source Code Person's review of the Source Code, the parties must move to seal any such material in compliance with the Individual Practices and Rules of Judge Bryant, Local Rules of Civil Procedure for the District of Connecticut, Federal Rules of Civil Procedure or any other applicable rules or law.

e.  If Plaintiff seeks to reproduce lines of code in a motion, pleading, expert report or any type of public filing in this Action, the reproduction can only be allowed upon approval by the Court, magistrate judge or a special master based on an in-camera review. Any document containing a reproduction of lines of code will be requested by the parties to be filed under seal pursuant to applicable law, subject to court order, and marked, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," under the Standing Protective Order in this Action.

f.  Defendants shall provide Source Code Qualified Persons with a list of all programs or applications installed on the stand-alone computers. No monitoring program or application (such as key-stroke monitors) shall be installed on the stand-alone computers. Information explaining how to start, log onto, and operate the stand-alone, secured computers in order to access the produced Source Code on the stand- alone, secured computers will be provided. With the exception of the absence of internet connectivity and the absence of removable memory devices (USB etc.), the stand-alone computers shall meet prevailing specifications of Hewlett Packard top of the line business desktops or the equivalent.

g.  At Plaintiff's cost, Defendants will install source code analyzer tools selected by Plaintiff and his Experts, so long as such tools are not compilers, interpreters or simulators.   Plaintiff will provide any necessary software licenses at his cost.   Plaintiff will identify all analyzer tools by June 30, 2019, and any related dispute is to be resolved before a magistrate judge or special master.

h.  Source Code Qualified Persons shall make reasonable efforts to restrict their requests for access to the stand-alone, secured computers from Monday through Saturday at 8:00 a.m. through 6:00 p.m. local time at the Reviewing Location.

i.  Upon reasonable notice from Plaintiff, which shall not be less than three (3) business days in advance, Defendants shall make reasonable efforts to accommodate Plaintiff's request for access to the secured, stand-alone computers outside of normal business

hours.  Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the Reviewing Location. The parties agree to cooperate in good faith such that maintaining the Source Code at the Reviewing Location shall not unreasonably hinder Plaintiff's ability to conduct the prosecution or defense in this Action.

j.   No copies shall be made by Plaintiff of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone, secured computers.   No outside electronic devices, including but not limited to laptop computers, USB flash drives, zip drives, or devices with camera functionalities shall be permitted in the same room as the stand-alone computers.

k.   Defendants may exercise personal supervision from outside the review room at the Reviewing Location over Source Code Qualified Persons when these persons are in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Source Code Qualified Persons, e.g., monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes or work product of Source Code Qualified Persons or monitoring the key strokes of Source Code Qualified Persons.  There will be no audio or video supervision by Defendants at the Reviewing Location.

l.   Nothing may be removed from the stand-alone, secured computers, either by the Source Code Qualified Persons or at the request of the Source Code Qualified Persons, except for uses to which the parties may agree or that the Court may order, in which circumstance any such production will be sought by the parties to be sealed under the applicable law and rules.

m.   No person other than Defendants may alter, dismantle, disassemble or modify the stand-alone computers in any way, or attempt to circumvent any security feature of the computers.

5.   **SCOPE.**

a.   Pursuant to Paragraph 5(c) of the Standing Protective Order, any Source Code produced in this Action may only be disclosed to Source Code Qualified Persons for the purpose of obtaining such Source Code Qualified Persons' assistance in this Action, *i.e.*, *Batchelar v. Interactive Brokers, LLC*, 3:15-cv-01836-VLB (D. Conn.), subject to the following limitations:

i.   The protections conferred by this Protective Order cover not only Defendants' Source Code (as defined in Paragraph 2 herein), but also the following: (1) any information gleaned by

8

Source Code Qualified Persons upon their review of the Source Code; (2) all summaries or notes of Source Code Qualified Persons based on their review of the Source Code; and (3) any testimony, conversations or presentations by Source Code Qualified Persons that might reveal Defendants' Source Code.

ii. For the avoidance of any doubt, except as permitted in this Paragraph, any Source Code Qualified Person is prohibited from using any information learned or obtained from his or her review of Defendants' Source Code for any purpose *other than* to assist Plaintiff in the prosecution of this Action or in any subsequent arbitration in which Plaintiff is a party.   Testimony provided by a Source Code Qualified Person in this Action that reflects any information learned or obtained from his or her review of Defendants' Source Code can be used to solely for the purposes of this Action, and any intended use thereof in this Action must be disclosed to Defendants in writing seven (7) days prior to its intended use so that Defendants can make any motion they deem appropriate. Such testimony is subject to the provisions of this Protective Order and Standing Protective Order.   Accordingly, any Source Code Qualified Person, including any Source Code Qualified Expert, shall not testify or advise any nonparty in connection with Defendants' Source Code in any separate matter, pre-litigation matter, proceeding, action, investigation or arbitration.     Nothing in this Supplemental Protective Order shall restrict the ability of Plaintiff's Outside Counsel of Record as defined in Paragraph 3(b) herein to represent clients other than Plaintiff against one or more of the Defendants so long as Plaintiff's Outside Counsel of Record comply with the provisions of this Supplemental Protective Order. The restriction of the preceding sentence does not apply if one or more of Defendants is a party to the action, proceeding or arbitration and the Source Code as issue has been ordered produced subject to an appropriate protective order in that action, proceeding or arbitration. Also, this restriction does not prevent an expert from testifying based on any information or material produced in other proceedings. In this circumstance the court or arbitrator in the other action proceeding or arbitration is in the best position to rule on issues in that action, proceeding or arbitration.

6. **SOURCE CODE LOG.**

   a.   Plaintiff shall maintain a source code log containing the following information: (1) the identify of each SOURCE CODE QUALIFIED PERSON(S) who was granted access to the Source Code; and (2) the first date on which such access was granted.  The source code log may be reviewed by Defendants if Plaintiff agrees or the Court so orders.

7. **MISCELLANEOUS.**

a. **Right to Further Relief.**   The parties agree that entering into this Protective Order is without prejudice to any party's right to propose, request or otherwise move for different provisions relating to the protection of Defendants' Source Code in this Action.

b. **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, the Parties do not waive any right they otherwise would have to object to, or requiring the, disclosing or producing any information or item on any ground not available at the time of entering into this Protective Order.   Similarly, the Parties do not waive any right to object on any ground to Plaintiff's or Defendants' use in evidence of any of the material covered by this Protective Order, or their respective right to oppose such objection.

c. **No Filing of Any Source Code.**   Paragraph 4 herein governs when Source Code may be filed with the court.

8. **DURATION.**

a. The obligations imposed by this Protective Order shall remain in effect after the final disposition of this Action until the Parties agree otherwise in writing, or a court order otherwise directs. "Final disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

b. Within 30 days after the final disposition of this Action, as defined herein, each Source Code Qualified Person must return to Defendants or destroy any materials addressed in Paragraph 5 herein, including all summaries, notes, and any other materials reflecting any information about the Source Code.  As used in this subdivision, any such material includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Source Code.

c. Whether the Protected Material is returned or destroyed, each Source Code Qualified Person must submit a written certification to Defendants by the 30-day deadline that (1) identifies (by category, where appropriate) all the material that was returned or destroyed and (2) affirms that the certifying Source Code Qualified Person has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Source Code.

**IT IS SO ORDERED.**

DATED: _____

_____
**United States District Judge Vanessa L. Bryant**

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ROBERT SCOTT BATCHELAR,          :          CASE NO.  3:15-cv-01836-VLB

                         Plaintiff,          :

            V.          :

            :

INTERACTIVE BROKERS, LLC,          :
INTERACTIVE BROKERS GROUP, INC.,          :
and THOMAS A. FRANK,          :

            :

                         Defendants.          :

            :

            :          July __, 2019

ROBERT SCOTT BATCHELAR,          :          CASE NO.  3:15-cv-01836-VLB

                    Plaintiff,          :

            V.          :

            :

INTERACTIVE BROKERS, LLC,          :
INTERACTIVE BROKERS GROUP,          :
INC., and THOMAS A. FRANK,          :

            :

                    Defendants.          :

                         July __, 2019

STIPULATED PROTECTIVE ORDER
GOVERNING THE STANDARD FOR ACCESS TO DEFENDANTS' SOURCE CODE

Disclosure and discovery activity in the above-referenced action involves the production of Defendants' Source Code, which Defendants claim is highly confidential, proprietary, and sensitive business information, for which special protection from public disclosure and from use for any purpose other than prosecuting this action is warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Stipulated Protective Order").

1.   1.   **STANDING PROTECTIVE ORDER.**

   a.   a.   This Stipulated Protective Order shall supplement and modify the Standing Protective Order entered in the above-referenced action on December 18, 2015 (ECF No. 5) (the "Standing Protective Order").

2.   2.   **"SOURCE CODE" Materials, Information or Items.**

   a.   a.   For the purposes of this Stipulated Protective Order, the term "Action" herein shall refer to the above-captioned litigation and any appeals therefrom.

   b.   For the purposes of this Stipulated Protective Order, the term "Source Code" herein shall mean and refer to what Defendants claim is Defendants', sensitive, confidential materials, information or items representing computer source code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe the algorithms or structure of software or hardware designs, disclosure of which to Plaintiff or any non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Any Source-

**Formatted:** Font: +Body (Calibri), Not Bold, Not Italic

**Formatted:** Left

**Formatted** ... [7]

**Formatted:** Normal, Left, Indent: Left: 0.07", Right: -0.01", Line spacing: Exactly 13.55 pt,  No bullets or numbering, Tab stops: 0.57", Left

**Formatted:** Normal, Indent: Left: 0.57", Hanging: 0.5", Right: 0.04", Space Before: 1.45 pt,  No bullets or numbering

**Formatted** ... [8]

**Formatted** ... [9]

**Formatted:** Normal, Left, Indent: Left: 0.07", Right: -0.01", Line spacing: Exactly 13.55 pt,  No bullets or numbering, Tab stops: 0.57", Left

**Formatted:** Normal, Indent: Left: 0.57", Hanging: 0.5", Right: 0.04", Space Before: 1.45 pt,  No bullets or numbering

**Formatted** ... [10]

**Formatted** ... [11]

b. Code materials, information or items that Defendants produce in this Action will be designated "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY,", in accordance with Paragraph four of the Standing Protective Order., Nothing in this Stipulated Protective Order shall be construed to limit how Defendants may maintain their own material designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY." To avoid any confusion, the provisions of ¶12 of the Standing Protective Order apply to material designated as Source Code Information

c. The provisions of this Stipulated Protective Order and the Standing Protective Order apply to any Source Code produced before the Stipulated Protective Order is so ordered by the court in this Action.

3. SOURCE CODE QUALIFIED PERSONS.

a. Any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY" in this Action shall only be reviewable by Source Code Qualified Persons.

b. "Source Code Qualified Persons" shall refer to Plaintiff's Agent(s) who have been retained by Plaintiff to assist Plaintiff in this Action. Source Code Qualified Persons shall only include the following: (1) Outside Counsel of Record in this Action, who have filed an appearance in this Action for Plaintiff, and office personnel, support staff, (i.e., persons or entities that provide provided litigation support services), paralegals, and legal assistants who are employed or retained by the same firm as that of Outside Counsel of Record in this Action; and (2) Outside Consultants or Outside Experts (collectively, "Experts" or "Expert") in this Action as defined herein and under Paragraph 5(c) of the Standing Protective Order.   "Outside Consultants" herein shall refer to testifying and consulting experts. Each Source Code Qualified Person who needs access to Defendants' Source Code shall sign the form that is attached as Exhibit A to the Standing Protective Order.

c. Unless otherwise ordered by the Court or agreed to in writing by Defendants, and before Plaintiff seeks to disclose to any Experts any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY" in this Action, Plaintiff must make the following written notice to Defendants (the "Written Notice"):

3

  i.  i.  Sets forth the full name of the Expert and the city and state of his or her primary residence;

  ii.  ii.  Attaches a copy of the Expert's current resume, reflecting the Expert's qualifications, including a list of all publications authored in the previous 10 years, and a list of all other cases in which, during the previous four (4) years, the Expert testified as an expert at trial or by deposition.  This provision also applies to Outside Consultants as defined in Paragraph 3(b) herein;

  iii.  iii.  Discloses (1) whether the Expert was retained in any matter, pre-litigation matter, litigation, action, arbitration or proceeding involving a Competitor of Defendants within the last four years, and (2) whether, at the time of the Written Notice, the Expert is presently retained in any matter, pre-litigation matter, litigation, action, arbitration or proceeding involving any of the Defendants, unless with respect to subsections (1) and (2) herein, confidentiality obligations in the other matter, pre-litigation matter, litigation, action, arbitration or proceeding prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1] "Competitor of Defendants" herein shall mean any broker-dealer.  If either or both of these subsections apply to the Expert, the Written Notice shall identify (by name, case number, and filing date) the matter, litigation, arbitration, action or proceeding, unless confidentiality obligations in the other matter, litigation, arbitration, action or proceeding prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]

    1.  1.  If the Expert, at the time of the Written Notice, is presently retained in any matter involving any of the Defendants (but that is not a litigation, action, arbitration or proceeding), the Written Notice shall provide a description of the Expert's services rendered, or to be rendered, in connection with the

---

[1] If the Expert's disclosure of information under Paragraph 3(c)(iii) herein would require him or her to violate a written or oral confidentiality agreement that he or she contemporaneously signed or made with his or her engagement as an expert or would require him or her to violate a confidentiality order that was contemporaneously entered in the other matter, prelitigation matter, litigation, action, arbitration or proceeding involving a Competitor of Defendants or any of the Defendants as defined under subsections (1) and (2) therein, the Expert shall provide whatever information the Expert believes can be disclosed without violating the applicable confidentiality agreement or order, and Plaintiff shall be available to meet and confer with Defendants regarding any such engagement. If the parties are unable to resolve the issue during the meet and confer process, the issue of the Expert's disclosure under Paragraph 3(c)(iii) shall be decided under the procedure outlined in Paragraph 3(e)3e herein.

4

matter, unless confidentiality obligations in the other matter prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]

~~2.~~ 2. If the Expert was retained in any matter involving a Competitor (but that was not a litigation, action, arbitration or proceeding), the Written Notice shall identify the Competitor and provide a description of the Expert's services rendered in connection with the matter, unless confidentiality obligations in the other matter prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]

~~iv.~~ iv. Identifies the Expert's current employer(s) and clients, unless confidentiality obligations prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations;[1]

~~v.~~ v. The Written Notice shall be made by personal service or email to Defendants at least fifteen (15) days before the parties' agreed-upon disclosure of any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY."

~~d.~~ d. In the event that Defendants object to the Expert identified by Plaintiff in the Written Notice, Defendants shall provide written notice of their objection to Plaintiff's identified Expert within seven (7) days of receiving the Written Notice. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute is not resolved within seven (7) days from receipt by Plaintiff of the written notice of objection, either party may request appropriate relief from the Court. It is agreed that the standard for an Expert's disqualification is set forth in Paragraph 3(e) herein. The identified Expert shall be denied access to any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY," until the dispute is resolved by agreement between the parties in question or until decided by the Court, Magistrate Judge or Special Master.

~~e.~~ e. Plaintiff's Expert will be presumptively disqualified subject to a contrary court order if any of the following applies: (1) the Expert was employed by a Competitor of Defendants, including as a consultant, within the last three (3) years; (2) the Expert, at the time of retention, is anticipated to become an employee or consultant of a Competitor of Defendants; or, (3) the Expert was an employee of any of the Defendants or an employee of any affiliate of Defendants. If the

5

foregoing do not apply, or if countervailing confidentiality requirements have been raised by the Expert with respect to the disclosure, the disqualification of the Expert will be determined by the Court, a Special Master or a Magistrate Judge upon an *in-camera* review of the confidentiality agreement or confidentiality order under which the Expert is asserting countervailing confidentiality obligations.

f.   f.     If Defendants do not object to Plaintiff's identified Expert within seven (7) days of receipt of Plaintiff's Written Notice, said Expert shall be a Source Code Qualified Person.  Plaintiff shall deliver, within five (5) days thereof, to Defendants an executed copy of the Expert's signed form that is attached as Exhibit A to the Standing Protective Order, which is required pursuant to Paragraph 5(c) of the Standing Protective Order.

g.   g.     In the event that any proposed Expert is disqualified, Plaintiff shall have the right to propose a different Expert and seek an extension of all affected deadlines, which Defendants will not oppose if the extension is reasonable.   Even if an Expert is disqualified from reviewing the Source Code, he or she may consult or testify on other subjects, including, but not limited to, Defendants' Auto-Liquidation Software (and flaws therein) if the Disqualified Expert's opinions, testimony, and any other work product rendered in this Action do not rely upon  any information obtained from a Source Code Qualified Person's review of the Source Code.  Upon motion and approval by the Court, a Disqualified Expert may also review the report or opinion of a Source Code Qualified Expert only if the report or opinion does not reveal any information obtained from the Source Code Qualified Expert's review of the Source Code, and, if otherwise appropriate, rely on that report or opinion, to the extent it does not reveal any information obtained from the Source Code Qualified Expert's review of the Source Code.

4.   4.   METHOD OF ACCESS TO SOURCE CODE.

a.   a.     At mutually agreeable time(s) by the parties, the Source Code shall be made available for inspection with 48 hours' notice, in a format allowing it to be reasonably reviewed and searched on a stand-alone, secured computers, during normal business hours at the office of Day Pitney, 242 Trumbull Street, Hartford, CT 06103 (the "Reviewing Location"), subject to the following conditions:

   i.   i.  By July 26, 2019, Defendants will provide a non-binding estimate of the volume of production of Defendants' Source Code to the extent as available.

   ii.   ii.  All produced Source Code documents must have a unique identifier on each page and be searchable.  The Source Code

will be produced in Java or C++ computer programming language, as applicable.

iii. iii. Each Source Code Qualified Person who will review the Source Code on behalf of Plaintiff shall be identified in writing to Defendants at least fifteen (15) days in advance of the first time that such person(s) reviews such Source Code. Copies of proper identification of Source Code Qualified Persons shall be provided prior to any access to the Reviewing Location. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, the government of the United States, or the nation state of the Source Code Qualified Person's current citizenship. Such identification shall be in addition to any disclosure required under Paragraph 3 herein. Access to the Reviewing Location may be denied, at the discretion of Defendants, to any Source Code Qualified Person who fails to provide proper identification. For subsequent reviews by Source Code Qualified Persons, Plaintiff shall give at least five (5) business days' notice to Defendants of such review.

iv. iv. At Defendants' cost, Defendants will provide one secured, stand-alone computer at the Reviewing Location. At Plaintiff's cost, Defendants will provide and retain four additional secured, stand-alone computers at the Reviewing Location. The cost of the four additional computers shall be reasonable with the prices advertised at HP.com for comparable computers being presumptively reasonable.

v. v. At the Reviewing Location, the Source Code shall be made available for inspection on the five stand-alone, secured computers in a secured room without Internet access or network access to other computers, and Source Code Qualified Persons shall not copy, remove, photograph, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device other than the fixed hard disk on the stand-alone computers.

b. b. Defendants will print and produce portions of the Source Code if requested by Plaintiff's Expert within a reasonable period of time after receiving the request (e.g., three (3) business days). Such hardcopies may be made on watermarked paper at Defendants' election. Any individual request seeking more than 25 consecutive pages or resulting in a cumulative total of more than 3% of all Source Code produced is unreasonable (which may be rebutted). Plaintiff's Expert may request printed portions of additional Source Code beyond these limits upon a reasonable showing of need. Defendants may mark printed Source Code pages or portions, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (SOURCE CODE)," to

7

signify that the Source Code is being produced under the Standing Protective Order entered in this Action and under the terms described in this Stipulated Protective Order.

c.   All paper copies of the Source Code produced pursuant to this Stipulation will be kept in a locked container at the Reviewing Location.  Plaintiff's Expert may review these paper copies at the Reviewing Location, and Plaintiff's Expert agrees that he or she will not copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the printed copies of the Source Code, either in paper or electronic form, except as otherwise agreed by the parties.

d.   Without written permission from Defendants or a court order secured after appropriate notice to Defendants, Plaintiff may not file in this Action or any other action, proceeding, investigation or arbitration, any material that reflects any information based on any Qualified Source Code Person's review of the Source Code.  Should the Court order the production of any material reflecting any information based on any Qualified Source Code Person's review of the Source Code, the parties must move to seal any such material in compliance with the Individual Practices and Rules of Judge Bryant, Local Rules of Civil Procedure for the District of Connecticut, Federal Rules of Civil Procedure or any other applicable rules or law.

e.   If Plaintiff seeks to reproduce lines of code in a motion, pleading, expert report or any type of public filing in this Action, the reproduction can only be allowed upon approval by the Court, magistrate judge or a special master based on an in-camera review. Any document containing a reproduction of lines of code will be requested by the parties to be filed under seal pursuant to applicable law, subject to court order, and marked, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," under the Standing Protective Order in this Action.

f.        Defendants shall provide Source Code Qualified Persons with a list of all programs or applications installed on the stand-alone computers.  No monitoring program or application (such as key-stroke monitors) shall be installed on the stand-alone computers. Information explaining how to start, log onto, and operate the stand-alone, secured computers in order to access the produced Source Code on the stand- alone, secured computers will be provided.  With the exception of the absence of internet connectivity and the absence of removable memory devices (USB etc.), the stand-alone computers shall meet prevailing specifications of Hewlett Packard top of the line business desktops or the equivalent.

g.   At Plaintiff's cost, Defendants will install source code analyzer

8

tools selected by Plaintiff and his Experts, so long as such tools are not compilers, interpreters or simulators.  Plaintiff will provide any necessary software licenses at his cost.  Plaintiff will identify all analyzer tools by June 30, 2019, and any related dispute is to be resolved before a magistrate judge or special master.

h.    Source Code Qualified Persons shall make reasonable efforts  to restrict their requests for access to the stand-alone, secured computers from Monday through Saturday at 8:00 a.m. through 6:00 p.m. local time at the Reviewing Location.

i.    Upon reasonable notice from Plaintiff, which shall not be less than three (3) business days in advance, Defendants shall make reasonable efforts to accommodate Plaintiff's request for access to the secured, stand-alone computers outside of normal business hours.  Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the Reviewing Location.  The parties agree to cooperate in good faith such that maintaining the Source Code at the Reviewing Location shall not unreasonably hinder Plaintiff's ability to conduct the prosecution or defense in this Action.

j.    No copies shall be made by Plaintiff of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone, secured computers.  No outside electronic devices, including but not limited to laptop computers, USB flash drives, zip drives, or devices with camera functionalities shall be permitted in the same room as the stand-alone computers.

k.    Defendants may exercise personal supervision from outside the review room at the Reviewing Location over Source Code Qualified Persons when these persons are in the Source Code review room.  Such supervision, however, shall not entail review of any work product generated by the Source Code Qualified Persons, e.g., monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes or work product of Source Code Qualified Persons, or monitoring the key strokes of Source Code Qualified Persons.  There will be no audio or video supervision by Defendants at the Reviewing Location.

l.    Nothing may be removed from the stand-alone, secured computers, either by the Source Code Qualified Persons or at the request of the Source Code Qualified Persons, except for uses to which the parties may agree or that the Court may order, in which circumstance any such production will be sought by the parties to be sealed under the applicable law and rules.

9

m.   No person other than Defendants may alter, dismantle, disassemble or modify the stand-alone computers in any way, or attempt to circumvent any security feature of the computers.

5. SCOPE.

a.   Pursuant to Paragraph 5(c) of the Standing Protective Order, any Source Code produced in this Action may only be disclosed to Source Code Qualified Persons for the purpose of obtaining such Source Code Qualified Persons' assistance in this Action, *i.e.*, *Batchelar v. Interactive Brokers, LLC*, 3:15-cv-01836-VLB (D. Conn.), subject to the following limitations:

i.   The protections conferred by this Stipulated Protective Order cover not only Defendants' Source Code (as defined in Paragraph 2 herein), but also the following: (1) any information gleaned by Source Code Qualified Persons upon their review of the Source Code; (2) all summaries or notes of Source Code Qualified Persons based on their review of the Source Code; and (3) any testimony, conversations or presentations by Source Code Qualified Persons that might reveal Defendants' Source Code.

ii.   For the avoidance of any doubt, except as permitted in this Paragraph, any Source Code Qualified Person is prohibited from using any information learned or obtained from his or her review of Defendants' Source Code for any purpose *other than* to assist Plaintiff in the prosecution of this Action or in any subsequent arbitration in which Plaintiff is a party. Testimony provided by a Source Code Qualified Person in this Action that reflects any information learned or obtained from his or her review of Defendants' Source Code can be used to solely for the purposes of this Action, and any intended use thereof in this Action must be disclosed to Defendants in writing seven (7) days prior to its intended use so that Defendants can make any motion they deem appropriate. Such testimony is subject to the provisions of this Stipulated Protective Order and Standing Protective Order. Accordingly, any Source Code Qualified Person, including any Source Code Qualified Expert, shall not testify or advise any nonparty in connection with Defendants' Source Code in any separate matter, pre-litigation matter, proceeding, action, investigation or arbitration. Nothing in this Supplemental Protective Order shall restrict the ability of Plaintiff's Outside Counsel of Record as defined in Paragraph 3(b) herein to represent clients other than Plaintiff against one or more of the Defendants so long as Plaintiff's Outside Counsel of Record comply with the provisions of this Supplemental Protective Order. The restriction of the preceding

10

sentence does not apply if one or more of Defendants is a party to the action, proceeding or arbitration and the Source Code as issue has been ordered produced subject to an appropriate protective order in that action, proceeding or arbitration. Also, this restriction does not prevent an expert from testifying based on any information or material produced in other proceedings. In this circumstance the court or arbitrator in the other action proceeding or arbitration is in the best position to rule on issues in that action, proceeding or arbitration.

6.   **SOURCE CODE LOG.**

a.   Plaintiff shall maintain a source code log containing the following information: (1) the identity of each SOURCE CODE QUALIFIED PERSON(S) who was granted access to the Source Code; and (2) the first date on which such access was granted.   The source code log may be reviewed by Defendants if Plaintiff agrees or the Court so orders.

7.   **MISCELLANEOUS.**

a.   **Right to Further Relief.**   The parties agree that entering into this Stipulated Protective Order is without prejudice to any party's right to propose, request or otherwise move for different provisions relating to the protection of Defendants' Source Code in this Action.

b.   **Right to Assert Other Objections.** By stipulating to the entry of this Stipulated Protective Order, the Parties do not waive any right they otherwise would have to object to, or requiring the disclosing or producing any information or item on any ground not available at the time of entering into this Stipulated Protective Order.   Similarly, the Parties do not waive any right to object on any ground to Plaintiff's or Defendants' use in evidence of any of the material covered by this Stipulated Protective Order, or their respective right to oppose such objection.

c.   **No Filing of Any Source Code.**   Paragraph 4 herein governs when Defendants' Source Code may be filed with the court.

8.   **DURATION.**

a.   The obligations imposed by this Stipulated Protective Order shall remain in effect after the final disposition of this Action until the Parties agree otherwise in writing, or a court order, otherwise directs. "Final disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

b. **b.** Within 30 days after the final disposition of this Action, as defined herein, each Source Code Qualified Person must return to Defendants or destroy any materials addressed in Paragraph 5 herein, including all summaries, notes, and any other materials reflecting any information about the Source Code. As used in this subdivision, any such material includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Source Code.

c. **c.** Whether the Protected Material is returned or destroyed, each Source Code Qualified Person must submit a written certification to Defendants by the 30-day deadline that (1) identifies (by category, where appropriate) all the material that was returned or destroyed and (2) affirms that the certifying Source Code Qualified Person has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Source Code.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____     _____

DATED: _____

                    **Attorneys for Plaintiff**

          DATED: _____

DATED: _____

                    **Attorneys for Defendants**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____

DATED: _____

Exhibit B Redlined SB 07232019 SCPO D9a

12

United States District Judge
Vanessa L. Bryant

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SCOTT BATCHELAR,    :    CASE NO.  3:15-cv-01836-VLB
    :
    Plaintiff,    :
    V.    :
    :
INTERACTIVE BROKERS, LLC,    :
INTERACTIVE BROKERS GROUP,    :
INC., and THOMAS A. FRANK,    :
    :
    Defendants.    :
    :    July 18, 2019

### DECLARATION OF WILLIAM S. SHEPHERD

William S. Shepherd declares pursuant to 28 U.S.C § 1746:

1. I am a member in good standing of the bar of the state of
   Texas.   I respectfully submit this declaration to correct
   certain facts that have been misstated by Defendants

2. I was founder of the firm Shepherd, Smith, Edwards & Kantas,
   LLP, but I am no longer a partner, limited partner or otherwise
   an owner, employee or contractor of that firm. My only
   "affiliation" with the firm is that I receive a flat monthly net
   rental fee, not based on any performance by me or the firm.
   For insurance purposes I am listed as "of counsel."

3. I am 75 years of age and am receiving treatment for medical
   conditions which for the past year has prevented me from
   active involvement in this or any other cases.

4.  I am not counsel of record in the above-styled matter.

5.  I have not had access to any of the documents produced by Defendants in the above-styled matter which are stamped Confidential, Attorney's Eyes Only, Source Code, or similar derivative.

6.  Because I have not had access to any confidential information of Defendants, I do not have the ability to disclose it to anyone and I have not disclosed any such information.

7.  I am not counsel of record for any plaintiff in any action pending against Defendants.

8.  I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Beaumont, Texas

July 18, 2019

By: _____
William S. Shepherd

2