UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ROBERT SCOTT BATCHELAR,** | : | **CASE NO.  3:15-cv-01836-VLB** |
| | : | |
| Plaintiff, | : | |
| V. | : | |
| | : | |
| **INTERACTIVE BROKERS, LLC,** | : | |
| **INTERACTIVE BROKERS GROUP,** | : | |
| **INC., and THOMAS A. FRANK,** | : | |
| | : | |
| Defendants. | : | |
| | : | July _, 2019 |

**STIPULATED PROTECTIVE ORDER**
**GOVERNING THE STANDARD FOR ACCESS TO DEFENDANTS' SOURCE CODE**

Disclosure and discovery activity in the above-referenced action involves the production of Defendants' Source Code, which Defendants claim is highly confidential, proprietary, and sensitive business information, for which special protection from public disclosure and from use for any purpose other than prosecuting this action is warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Stipulated Protective Order").

1. **STANDING PROTECTIVE ORDER**.

    a. This Stipulated Protective Order shall supplement and modify the Standing Protective Order entered in the above-referenced action on December 18, 2015 (ECF No. 5) (the "Standing Protective Order").

2. **"SOURCE CODE" Materials, Information or Items**.

    a. For the purposes of this Stipulated Protective Order, the term "Action" herein shall refer to the above-captioned litigation and any appeals therefrom.

    b. For the purposes of this Stipulated Protective Order, the term "Source Code" herein shall mean and refer to what Defendants claim is Defendants' sensitive, confidential materials, information or items representing computer source code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe the algorithms or structure of software or hardware designs, disclosure of which to Plaintiff or any non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Any Source

        **Code materials, information or items that Defendants produce in this Action will be designated "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY," in accordance with Paragraph four of the Standing Protective Order. Nothing in this Stipulated Protective Order shall be construed to limit how Defendants may maintain their own material designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY." To avoid any confusion, the provision of Paragraph 12 of the Standing Protective Order applies to material designated as "Source Code Information."**

    **c.**     **The provisions of this Stipulated Protective Order and the Standing Protective Order apply to any Source Code produced before the Stipulated Protective Order is so ordered by the court in this Action.**

**3.**     <u>**SOURCE CODE QUALIFIED PERSONS**</u>**.**

    **a.**     **Any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY" in this Action shall only be reviewable by Source Code Qualified Persons.**

    **b.**     **"Source Code Qualified Persons" shall refer to Plaintiff's Agent(s), who have been retained by Plaintiff to assist Plaintiff in this Action. Source Code Qualified Persons shall only include the following: (1) Outside Counsel of Record in this Action who have filed an appearance in this Action for Plaintiff, and office personnel, support staff (i.e., persons or entities that provide litigation support services), legal assistants, paralegals, and associates, who are employed by the same firm as that of Outside Counsel of Record in this Action to the extent necessary and solely to assist Outside Counsel of Record to prosecute Plaintiff's claims in this Action; (2) Outside Attorneys retained by Outside Counsel of Record to assist Outside Counsel of Record in prosecuting Plaintiff's claims in this Action, directly for Outside Counsel of Record in this Action who have filed an appearance in this Action for Plaintiff, solely to the extent necessary and exclusively to assist Outside Counsel of Record to prosecute Plaintiff's claims in this Action; and (3) Outside Consultants or Outside Experts (collectively, "Experts" or "Expert") retained by Outside Counsel of Record solely to the extent necessary and exclusively to assist Outside Counsel of Record to prosecute Plaintiff's claims in this Action. "Outside Consultants" herein shall refer to testifying and consulting experts. Each Source Code Qualified Person who needs access to Defendants' Source Code shall sign the form that is attached as Exhibit A to the Standing Protective Order prior to disclosure of Defendants' Source Code.**

**2**

    c.    **Unless otherwise ordered by the Court or agreed to in writing by Defendants, and before Plaintiff seeks to disclose to any Experts any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY" in this Action, Plaintiff must make the following written notice to Defendants (the "Written Notice"):**

        i.    **Sets forth the full name of the Expert and the city and state of his or her primary residence;**

        ii.    **Attaches a copy of the Expert's current resume, reflecting the Expert's qualifications, including a list of all publications authored in the previous 10 years, and a list of all other cases in which, during the previous four (4) years, the Expert testified as an expert at trial or by deposition.  This provision also applies to Outside Consultants as defined in Paragraph 3(b) herein;**

        iii.    **Discloses (1) whether the Expert was retained in any matter, pre-litigation matter, litigation, action, arbitration or proceeding involving a Competitor of Defendants, within the last four years, and (2) whether, at the time of the Written Notice, the Expert is presently retained in any matter, pre-litigation matter, litigation, action, arbitration or proceeding involving any of the Defendants, unless with respect to subsections (1) and (2) herein, confidentiality obligations in the other matter, pre-litigation matter, litigation, action, arbitration or proceeding prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]  "Competitor of Defendants" herein shall mean any broker-dealer.  If either or both of these subsections apply to the Expert, the Written Notice shall identify (by name, case**

---

[1] **If the Expert's disclosure of information under Paragraph 3(c)(iii) herein would require him or her to violate a written confidentiality agreement that he or she contemporaneously signed with his or her engagement as an expert or would require him or her to violate a confidentiality order that was contemporaneously entered in the other matter, pre-litigation matter, litigation, action, arbitration or proceeding involving a Competitor of Defendants or any of the Defendants as defined under subsections (1) and (2) therein, the Expert shall provide whatever information the Expert believes can be disclosed without violating the applicable confidentiality agreement or order, and Plaintiff shall be available to meet and confer with Defendants regarding any such engagement.  If the parties are unable to resolve the issue during the meet and confer process, the issue of the Expert's disclosure under Paragraph 3(c)(iii) shall be decided under the procedure outlined in Paragraph 3(e) herein.**

  number, and filing date) the matter, litigation, arbitration, action or proceeding, unless confidentiality obligations in the other matter, litigation, arbitration, action or proceeding prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]

1. If the Expert, at the time of the Written Notice, is presently retained in any matter involving any of the Defendants (but that is not a litigation, action, arbitration or proceeding), the Written Notice shall provide a description of the Expert's services rendered, or to be rendered, in connection with the matter, unless confidentiality obligations in the other matter prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]

2. If the Expert was retained in any matter involving a Competitor (but that was not a litigation, action, arbitration or proceeding), the Written Notice shall identify the Competitor and provide a description of the Expert's services rendered in connection with the matter, unless confidentiality obligations in the other matter prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations.[1]

 iv. Identifies the Expert's current employer(s) and clients, unless confidentiality obligations prevent such disclosure, in which event the Expert shall disclose the fact of the countervailing confidentiality obligations;[1]

 v. The Written Notice shall be made by personal service or email to Defendants at least fifteen (15) days before the parties' agreed-upon disclosure of any Source Code materials, information or items that are produced and designated as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY."

d. In the event that Defendants object to the Expert identified by Plaintiff in the Written Notice, Defendants shall provide written notice of their objection to Plaintiff's identified Expert within seven (7) days of receiving the Written Notice. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute is not resolved within seven (7) days from receipt by Plaintiff of the written notice of objection, either party may request appropriate relief from the Court. It is agreed that the standard for an Expert's disqualification is set forth in Paragraph 3(e) herein. The identified Expert shall be denied access to any Source Code materials, information or items that are produced and designated

    as "HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION – ATTORNEYS' EYES ONLY," until the dispute is resolved by agreement between the parties in question or until decided by the Court, Magistrate Judge or Special Master.

  e. Plaintiff's Expert will be presumptively disqualified subject to a contrary court order if any of the following applies: (1) the Expert was employed by a Competitor of Defendants, including as a consultant, within the last three (3) years; (2) the Expert, at the time of retention, is anticipated to become an employee or consultant of a Competitor of Defendants; or (3) the Expert was an employee of any of the Defendants or an employee of any affiliate of Defendants. If the foregoing do not apply, or if countervailing confidentiality requirements have been raised by the Expert with respect to the disclosure, the disqualification of the Expert will be determined by the Court, a Special Master or a Magistrate Judge upon an *in-camera* review of the confidentiality agreement or confidentiality order under which the Expert is asserting countervailing confidentiality obligations.

  f. If Defendants do not object to Plaintiff's identified Expert within seven (7) days of receipt of Plaintiff's Written Notice, said Expert shall be a Source Code Qualified Person. Plaintiff shall deliver, within five (5) days thereof, to Defendants an executed copy of the Expert's signed form that is attached as Exhibit A to the Standing Protective Order, which is required pursuant to Paragraph 5(c) of the Standing Protective Order.

  g. In the event that any proposed Expert is disqualified, Plaintiff shall have the right to propose a different Expert and seek an extension of all affected deadlines, which Defendants will not oppose if the extension is reasonable. Even if an Expert is disqualified from reviewing the Source Code, he or she may consult or testify on other subjects, including, but not limited to, Defendants' Auto-Liquidation Software (and flaws therein) if the Disqualified Expert's opinions, testimony, and any other work product rendered in this Action do not rely upon any information obtained from a Source Code Qualified Person's review of the Source Code. Upon motion and approval by the Court, a Disqualified Expert may also review the report or opinion of a Source Code Qualified Expert only if the report or opinion does not reveal any information obtained from the Source Code Qualified Expert's review of the Source Code, and, if otherwise appropriate, rely on that report or opinion to the extent it does not reveal any information obtained from the Source Code Qualified Expert's review of the Source Code.

4. **METHOD OF ACCESS TO SOURCE CODE**.

    a. At mutually agreeable time(s) by the parties, the Source Code shall be made available for inspection with 48 hours' notice, in a format

**allowing it to be reasonably reviewed and searched on a stand-alone, secured computers, during normal business hours at the office of Day Pitney, 242 Trumbull Street, Hartford, CT 06103 (the "Reviewing Location"), subject to the following conditions:**

  i. **By July 26, 2019, Defendants will provide a non-binding estimate of the volume of production of Defendants' Source Code to the extent as available.**

  ii. **All produced Source Code documents must have a unique identifier on each page and be searchable. The Source Code will be produced in Java or C++ computer programming language, as applicable.**

  iii. **Each Source Code Qualified Person who will review the Source Code on behalf of Plaintiff shall be identified in writing to Defendants at least fifteen (15) days in advance of the first time that such person(s) reviews such Source Code. Copies of proper identification of Source Code Qualified Persons shall be provided prior to any access to the Reviewing Location. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, the government of the United States, or the nation state of the Source Code Qualified Person's current citizenship. Such identification shall be in addition to any disclosure required under Paragraph 3 herein. Access to the Reviewing Location may be denied, at the discretion of Defendants, to any Source Code Qualified Person who fails to provide proper identification. For subsequent reviews by Source Code Qualified Persons, Plaintiff shall give at least five (5) business days' notice to Defendants of such review.**

  iv. **At Defendants' cost, Defendants will provide one secured, stand-alone computer at the Reviewing Location. At Plaintiff's cost, Defendants will provide and retain four additional secured, stand-alone computers at the Reviewing Location. The cost of the four additional computers shall be reasonable with the prices advertised at HP.com for comparable computers being presumptively reasonable.**

  v. **At the Reviewing Location, the Source Code shall be made available for inspection on the five stand-alone, secured computers in a secured room without Internet access or network access to other computers, and Source Code Qualified Persons shall not copy, remove, photograph, or otherwise transfer any portion of the Source Code onto any recordable**

6

           media or recordable device other than the fixed hard disk on the stand-alone computers.

b.    Defendants will print and produce portions of the Source Code if requested by Plaintiff's Expert within a reasonable period of time after receiving the request (*e.g.*, three (3) business days). Such hardcopies may be made on watermarked paper at Defendants' election. Any individual request seeking more than 25 consecutive pages or resulting in a cumulative total of more than 3% of all Source Code produced is unreasonable (which may be rebutted). Plaintiff's Expert may request printed portions of additional Source Code beyond these limits upon a reasonable showing of need. Defendants may mark printed Source Code pages or portions, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (SOURCE CODE)," to signify that the Source Code is being produced under the Standing Protective Order entered in this Action and under the terms described in this Stipulated Protective Order.

c.    All paper copies of the Source Code produced pursuant to this Stipulation will be kept in a locked container at the Reviewing Location. Plaintiff's Expert may review these paper copies at the Reviewing Location, and Plaintiff's Expert agrees that he or she will not copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the printed copies of the Source Code, either in paper or electronic form, except as otherwise agreed by the parties.

d.    Without written permission from Defendants or a court order secured after appropriate notice to Defendants, Plaintiff may not file in this Action or any other action, proceeding, investigation or arbitration, any material that reflects any information based on any Qualified Source Code Person's review of the Source Code. Should the Court order the production of any material reflecting any information based on any Qualified Source Code Person's review of the Source Code, the parties must move to seal any such material in compliance with the Individual Practices and Rules of Judge Bryant, Local Rules of Civil Procedure for the District of Connecticut, Federal Rules of Civil Procedure or any other applicable rules or law.

e.    If Plaintiff seeks to reproduce lines of code in a motion, pleading, expert report or any type of public filing in this Action, the reproduction can only be allowed upon approval by the Court, magistrate judge or a special master based on an *in-camera* review. Any document containing a reproduction of lines of code will be requested by the parties to be filed under seal pursuant to applicable law, subject to court order, and marked, "HIGHLY CONFIDENTIAL –

>    **ATTORNEYS' EYES ONLY," under the Standing Protective Order in this Action.**
>
> f. **Defendants shall provide Source Code Qualified Persons with a list of all programs or applications installed on the stand-alone computers. No monitoring program or application (such as key-stroke monitors) shall be installed on the stand-alone computers. Information explaining how to start, log onto, and operate the stand-alone, secured computers in order to access the produced Source Code on the stand-alone, secured computers will be provided. With the exception of the absence of internet connectivity and the absence of removable memory devices (USB etc.), the stand-alone computers shall meet prevailing specifications of Hewlett Packard top of the line business desktops or the equivalent.**
>
> g. **At Plaintiff's cost, Defendants will install source code analyzer tools selected by Plaintiff and his Experts, so long as such tools are not compilers, interpreters or simulators. Plaintiff will provide any necessary software licenses at his cost. Plaintiff will identify all analyzer tools by June 30, 2019, and any related dispute is to be resolved before a magistrate judge or special master.**
>
> h. **Source Code Qualified Persons shall make reasonable efforts to restrict their requests for access to the stand-alone, secured computers from Monday through Saturday at 8:00 a.m. through 6:00 p.m. local time at the Reviewing Location.**
>
> i. **Upon reasonable notice from Plaintiff, which shall not be less than three (3) business days in advance, Defendants shall make reasonable efforts to accommodate Plaintiff's request for access to the secured, stand-alone computers outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the Reviewing Location. The parties agree to cooperate in good faith such that maintaining the Source Code at the Reviewing Location shall not unreasonably hinder Plaintiff's ability to conduct the prosecution or defense in this Action.**
>
> j. **No copies shall be made by Plaintiff of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone, secured computers. No outside electronic devices, including but not limited to laptop computers, USB flash drives, zip drives, or devices with camera functionalities shall be permitted in the same room as the stand-alone computers.**
>
> k. **Defendants may exercise personal supervision from outside the review room at the Reviewing Location over Source Code Qualified**

8

        Persons when these persons are in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Source Code Qualified Persons, *e.g.*, monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes or work product of Source Code Qualified Persons or monitoring the key strokes of Source Code Qualified Persons. There will be no audio or video supervision by Defendants at the Reviewing Location.

    l.    Nothing may be removed from the stand-alone, secured computers, either by the Source Code Qualified Persons or at the request of the Source Code Qualified Persons, except for uses to which the parties may agree or that the Court may order, in which circumstance any such production will be sought by the parties to be sealed under the applicable law and rules.

    m.    No person other than Defendants may alter, dismantle, disassemble or modify the stand-alone computers in any way, or attempt to circumvent any security feature of the computers.

**5.** **SCOPE.**

    a.    Pursuant to Paragraph 5(c) of the Standing Protective Order, any Source Code produced in this Action may only be disclosed to Source Code Qualified Persons for the purpose of obtaining such Source Code Qualified Persons' assistance in this Action, *i.e.*, *Batchelar v. Interactive Brokers, LLC*, 3:15-cv-01836-VLB (D. Conn.), subject to the following limitations:

        i.    The protections conferred by this Stipulated Protective Order cover not only Defendants' Source Code (as defined in Paragraph 2 herein), but also the following: (1) any information gleaned by Source Code Qualified Persons upon their review of the Source Code; (2) all summaries or notes of Source Code Qualified Persons based on their review of the Source Code; and (3) any testimony, conversations or presentations by Source Code Qualified Persons that might reveal Defendants' Source Code.

        ii.    For the avoidance of any doubt, any Source Code Qualified Person is prohibited from using any information learned or obtained from his or her review of Defendants' Source Code for any purpose *other than* to assist Plaintiff in the prosecution of this Action or in any subsequent arbitration in which Plaintiff is a party. Testimony provided by a Source Code Qualified Person in this Action that reflects any information learned or obtained from his or her review of Defendants' Source Code can be used

9

**solely for the purposes of this Action, and any intended use thereof in this Action must be disclosed to Defendants in writing seven (7) days prior to its intended use so that Defendants can make any motion they deem appropriate. Such testimony is subject to the provisions of this Stipulated Protective Order and Standing Protective Order. Accordingly, no Source Code Qualified Person, including any Expert, shall 1) divulge all or any portion of Defendants' Source Code or 2) testify or advise any person in connection with Defendants' Source Code, disclosed pursuant to an order of this Court, in any separate matter, pre-litigation matter, action, investigation, mediation, arbitration or any other proceeding, except pursuant to an independent disclosure order of the court or other adjudicator presiding over such proceeding.**

6. **SOURCE CODE LOG.**

   a. **Plaintiff shall maintain a source code log containing the following information: (1) the identify of each SOURCE CODE QUALIFIED PERSON(S) who was granted access to the Source Code; and (2) the first date on which such access was granted. The source code log may be reviewed by Defendants if Plaintiff agrees or the Court so orders.**

7. **MISCELLANEOUS.**

   a. **Right to Further Relief. The parties agree that entering into this Stipulated Protective Order is without prejudice to any party's right to propose, request or otherwise move for different provisions relating to the protection of Defendants' Source Code in this Action.**

   b. **Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, the Parties do not waive any right they otherwise would have to object to, or requiring the, disclosing or producing any information or item on any ground not available at the time of entering into this Stipulated Protective Order. Similarly, the Parties do not waive any right to object on any ground to Plaintiff's or Defendants' use in evidence of any of the material covered by this Stipulated Protective Order, or their respective right to oppose such objection.**

   c. **No Filing of Any Source Code. Paragraph 4 herein governs when Defendants' Source Code may be filed with the court.**

8. **DURATION.**

   a. **The obligations imposed by this Stipulated Protective Order shall remain in effect after the final disposition of this Action until the**

Parties agree otherwise in writing or a court order otherwise directs. "Final disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

b. Within 30 days after the final disposition of this Action, as defined herein, each Source Code Qualified Person must return to Defendants or destroy any materials addressed in Paragraph 5 herein, including all summaries, notes, and any other materials reflecting any information about the Source Code. As used in this subdivision, any such material includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Source Code.

c. Whether the Protected Material is returned or destroyed, each Source Code Qualified Person must submit a written certification to Defendants by the 30-day deadline that (1) identifies (by category, where appropriate) all the material that was returned or destroyed and (2) affirms that the certifying Source Code Qualified Person has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Source Code.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: July 30, 2019

Attorneys for Plaintiff   *Gary Reger, Esq.*

DATED: July 31, 2019

Attorneys for Defendants   *Gary Mennitt, Esq.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

United States District Judge Vanessa L. Bryant