```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

-------------------------------- x
ROBERT SCOTT BATCHELAR,          :
                                 :
        Plaintiff,               :
                                 :
v.                               :
                                 :   Civil No. 3:15-cv-1836(AWT)
INTERACTIVE BROKERS, LLC;        :
INTERACTIVE BROKERS GROUP, INC.; :
and THOMAS A. FRANK,             :
                                 :
        Defendants.              :
-------------------------------- x
```

## RULING ON MOTION TO CERTIFY
## QUESTIONS TO THE CONNECTICUT SUPREME COURT

For the reasons set forth below, Defendants' Motion to Certify Questions of Connecticut Law to the Connecticut Supreme Court is being denied.

Plaintiff Robert Scott Batchelar ("Batchelar") brings a claim against defendants Interactive Brokers, LLC, Interactive Brokers Group, Inc., and Thomas A. Frank, alleging that their trading software was negligently designed, and that the result was an automatic liquidation of the positions in Batchelar's account that cost him thousands of dollars more than it should have.

In January 2019, the defendants moved to dismiss the claims in the Second Amended Complaint.  The defendants argued that Connecticut law would not recognize a common-law duty of care in designing the computer software at issue.  They also argued that

the claims were precluded by the economic loss doctrine. The defendants did not seek to certify those questions to the Connecticut Supreme Court at any time during the briefing of the motion to dismiss or prior to the ruling on that motion.

In denying the defendants' motion to dismiss, the court concluded that: (1) the economic loss doctrine, as explained by the Connecticut Supreme Court in Ulbrich v. Groth, 310 Conn. 375 (2013), and Lawrence v. O & G. Industries, Inc., 319 Conn. 641 (2015), did not bar Batchelar's claims; and (2) that Connecticut law would recognize a common-law duty of care by the defendants in designing and using the auto-liquidation software at issue in this case.

Two months after the motion to dismiss was denied, the defendants moved to certify two questions of law to the Connecticut Supreme Court:

1. Does Connecticut law recognize a general common law duty of care owed by computer programmers and software designers or developers to the general public?

2. Under Connecticut law, does the "economic loss doctrine" act as a categorical bar to negligence claims--including claims related to the provision of brokerage services--where only economic losses, without property damage or physical injury, are alleged?

Batchelar opposes the motion.

"The [Connecticut] Supreme Court may answer a question of law certified to it by a court of the United States or by the

highest court of another state or of a tribe, if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state." Conn. Gen. Stat. § 51-199b.  The decision to certify questions "rests in the sound discretion of the federal court."  Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).  In exercising that discretion, the court considers whether:

> (1) the [Connecticut Supreme Court] has not squarely addressed an issue and other decisions by [Connecticut] courts are insufficient to predict how the [Supreme Court] would resolve it; (2) the statute's plain language does not indicate the answer; (3) a decision on the merits requires value judgments and important public policy choices that the [Connecticut Supreme Court] is better situated than we to make; and (4) the questions certified will control the outcome of the case.

CIT Bank, N.A. v. Schiffman, 948 F.3d 529, 537 (2d Cir. 2020) (internal quotation marks omitted).

But courts "do not certify every case that meets these criteria."  O'Mara v. Town of Wappinger, 485 F.3d 693, 698 (2d Cir. 2007).  "Instead, the federal courts ought to resort to certification only when doing so would, in the context of the particular case, 'save time, energy and resources and help[ ] build a cooperative judicial federalism.'"  L. Cohen & Co. v. Dun & Bradstreet, Inc., 629 F. Supp. 1419, 1423 (D. Conn. 1986) (quoting Lehman Bros., 416 U.S. at 391).  Courts "resort to

-3-

certification only sparingly, mindful that, in diversity cases that require us to apply state law, 'it is our job to predict how the [Connecticut Supreme Court] would decide the issues before us.'" Amerex Grp., Inc. v. Lexington Ins. Co., 678 F.3d 193, 200 (2d Cir. 2012) (quoting DiBella v. Hopkins, 403 F.3d 102, 111 (2d Cir. 2005)). "In particular, the mere absence of a clear signal from sources of state law as to how a novel legal question should be decided is not in itself grounds to certify the question to the highest state court." Kearney v. Philips Indus., Inc., 708 F. Supp. 479, 481 (D. Conn. 1987). "Therefore, we do not certify questions of law 'where sufficient precedents exist for us to make [a] determination.'" Amerex Grp., 678 F.3d at 200 (quoting DiBella, 403 F.3d at 111).

    With respect to the second proposed question, the court concludes that certification is not appropriate. The Connecticut Supreme Court should not consider certified questions unless "there is no controlling appellate decision, constitutional provision or statute of this state." Conn. Gen. Stat. § 51-199b. But in ruling on the motion to dismiss, the court concluded that the Connecticut Supreme Court has answered the question of whether the economic loss doctrine acts as a categorical bar to negligence claims where only economic losses, without property damage or physical injury, are alleged:

> The Connecticut Supreme Court has made it clear that the economic loss doctrine does not bar all tort claims which accompany breach of contract claims. In <u>Ulbrich</u>, the court explained that the doctrine bars "tort claims that arise out of and are dependent on the contractual relationship between the parties." 310 Conn. at 404. On the other hand, it does not bar "tort claims that are 'independent' of the plaintiff's contract claim, and that can survive even if the contract claim fails." <u>Id.</u>

<u>Batchelar v. Interactive Brokers, LLC</u>, 422 F. Supp. 3d 502, 510 (D. Conn. 2019). Specifically referring to the securities-brokerage industry in the proposed question does not affect the applicability of that precedent. Additionally, the fact that the Connecticut Supreme Court recently stated in a footnote that it has "thus far found it unnecessary to decide whether '[it] should adopt the economic loss doctrine as a categorical bar to claims of economic loss in negligence cases without property damage or physical injury,'" <u>Raspberry Junction Holding, LLC v. Se. Conn. Water Auth.</u>, 331 Conn. 364, 368 n.3 (2019), does not alter the explanation that was given in <u>Ulbrich</u> with respect to that doctrine. Nor does the fact that <u>Ulbrich</u> "continues to leave it to trial courts to decide whether or not to apply the [economic loss] doctrine to the facts of a particular case" (Defs.' Memo. of Law Supp. Defs.' Mot. to Certify Questions of Connecticut Law to Connecticut Supreme Ct. at 14, ECF No. 149-1 (quoting <u>Shanshan Shao v. Beta Pharma., Inc.</u>, No. 14-cv-01177, 2017 WL 1752932, at *12 (D. Conn. May 4, 2017)), negate the fact

that the Connecticut Supreme Court has given courts guidance on how to decide the issue in a particular case. Rather, what the defendants seek to do is give the Connecticut Supreme Court the opportunity to change its current precedent with this case. But that is not what the certification procedure is for.

With respect to the first proposed question, the court also concludes that certification is not appropriate. Sufficient precedent exists to guide the court in making the determination of whether the Connecticut Supreme Court would recognize the duty at issue. Courts should "resort to certification only sparingly, mindful that, in diversity cases that require us to apply state law, 'it is our job to predict how the [Connecticut Supreme Court] would decide the issues before us.'" Amerex Grp., 678 F.3d at 200 (quoting DiBella, 403 F.3d at 111). Neither the court not any party expressed a concern about insufficient precedent during the briefing of the motion to dismiss.

Moreover, even if the court were to conclude that there is insufficient precedent for the court to make a determination with respect to the first proposed question, there are other reasons militating against exercising the court's discretion to certify the questions here.

First, certifying questions now to the Connecticut Supreme Court would not save time, energy, and resources, nor help build

the cooperative judicial federalism that the certification procedure is meant to provide.  With respect to judicial resources, the court agrees with Batchelar that the appropriate time for the defendants to have sought certification was before the court expended time, energy, and resources to review and rule on the arguments raised in their motion to dismiss.

Second, there is the issue of fairness to Batchelar with respect to the litigation of this case.  To permit the defendants to seek certification of these questions only after receiving an adverse ruling would give them a "second bite at the apple" while delaying Batchelar's day in court.  As other courts have recognized, to allow the defendants to seek certification only after receiving an adverse ruling would amount to a de facto interlocutory appeal to which they do not have a right.  See, e.g., Local 219 Plumbing & Pipefitting Indus. Pension Fund v. Buck Consultants, LLC, 311 F. App'x 827, 832 (6th Cir. 2009) ("The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling."); Massengale v. Okla. Bd. Of Examiners in Optometry, 30 F.3d 1325, 1331 (10th Cir. 1994) ("We generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court."); Travelers Indem. Co. of Am. v. BonBeck Parker, LLC,

No. 1:14-CV-02059-RM-MJW, 2017 WL 10667200, at *4 (D. Colo. Mar. 1, 2017) ("Here, Plaintiff sought certification only after receiving an adverse ruling. . . . Plaintiff's dissatisfaction with this Court's decision is not an appropriate ground for certification."); Sims Buick-GMC Truck, Inc. v. Gen. Motors LLC, No. 4:14 CV 2238, 2017 WL 7792553, at *4 (N.D. Ohio Mar. 1, 2017); Derungs v. Wal-Mart Stores, Inc., 162 F. Supp. 2d 861, 868 (S.D. Ohio 2001) ("In effect, however, the Plaintiffs are now seeking to have the Ohio Supreme Court review a judgment of this Court.  The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling.").

    The defendants argue that Batchelar "cannot seriously contend that it would be a more efficient use of judicial resources to certify questions of state negligence law on appeal to the Second Circuit after motions for class certification and potentially summary judgment."  (Reply Memo. of Law in Further Supp. Defs.' Mot. to Certify Questions of Connecticut Law to the Connecticut Supreme Ct. at 10, ECF No. 155.)  However, it will be within the discretion of the court of appeals to certify or not certify these proposed questions.  So it is not clear that certifying these questions now will save time later.

    Therefore, the court concludes it is not appropriate to certify the proposed questions here, and Defendants' Motion to

Certify Questions of Connecticut Law to the Connecticut Supreme Court (ECF No. 149) is hereby DENIED.

It is so ordered.

Dated this 15th day of May 2020, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge

-9-