```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

-------------------------------- x
ROBERT SCOTT BATCHELAR,          :
                                 :
        Plaintiff,               :
                                 :
v.                               :
                                 :   Civil No. 3:15-cv-1836 (AWT)
INTERACTIVE BROKERS, LLC,        :
INTERACTIVE BROKERS GROUP, INC., :
and THOMAS A. FRANK,             :
                                 :
        Defendants.              :
                                 :
-------------------------------- x

### ORDER DENYING MOTION FOR A PROTECTIVE ORDER

   The defendants have moved for a protective order precluding the deposition of Thomas Petterfy, the Chairman of defendant Interactive Brokers Group, Inc.. For the reasons set forth below, the motion for a protective order (ECF No. 274) is hereby DENIED.

   In support of their position that the court should issue a protective order, the defendants assert that "Plaintiff has only one remaining claim in this action after all his other claims were dismissed with prejudice and that claim is for alleged engineering negligence. ECF No. 201 ¶¶ 90-109(g)." Defs.' Mem. in Support of Mot. for Protective Order (ECF No. 274-1) at 2. See also id. at 5 ("[T]he Chairman has no unique personal knowledge of the alleged software engineering negligence that is at issue in this action."); Defs.' Reply (ECF No. 286) at 3

-1-

("Plaintiff has failed to establish that the Chairman possesses unique, personal knowledge of the sole remaining issue in this action: whether IB software programmers were negligent in designing and programming a portion of IB's software code relating to auto-liquidations. See ECF No. 201 at ¶¶ 90-109(g).").

That assertion is not true.

In the Order re Motion for Leave to File Amended Complaint (ECF No. 200), the court granted the plaintiff's motion for "leave to file a third amended complaint, adding claims that the defendants' actions go beyond mere negligence and requesting punitive damages under Connecticut common law." Order re Motion for Leave to File Amended Complaint at 1. Those claims are included in the Third Amended Complaint in paragraphs that are specifically cited by the defendants in their papers, as reflected in the excerpts quoted above. See Third Am. Compl. (ECF No. 201) ¶¶ 109a-109g.[1]

---

[1] Also, the court's ruling on the plaintiff's motion for class certification reflects that the plaintiffs sought certification of, among others, the following issues:

> 8. Whether defendants' (or any one or combination of them) conduct with respect to their design, coding, maintenance, and use of the A-L software was wanton and in disregard of the rights of class members.
>
> 9. Whether defendants' (or any one or combination of them) wanton or reckless conduct, if any, was a proximate and

In his opposition, the plaintiff directs the defendants' attention to this fact. See Pl.'s Mem. in Response to Defs.' Mot. for Protective Order at (ECF No. 279) at 1-2. Notwithstanding that fact, the defendants repeat the assertion in their reply brief.

Because the defendants did not address the claim for recklessness in their moving papers, the issue of whether an apex deposition should be permitted was not briefed as comprehensively as it could have been otherwise. Nonetheless, after reviewing the plaintiff's response and the supporting documents, the court concludes that he has made an adequate showing that the requirements for an apex deposition are satisfied. See Trusz v. UBS Realty Invs. LLC, No. 3:09-CV-268 (JBA), 2011 WL 577331, at *5 (D. Conn. Feb. 8, 2011) ("Depositions of senior executives are permissible when such senior executives have had direct involvement in the underlying claims, or if the subordinates are unable to testify in a meaningful fashion at their depositions.").

Because the deposition was originally noticed for July 9, 2025, the parties shall proceed promptly with the deposition. In the event there is any difficulty scheduling the deposition,

---

actual cause of damage to class members. Ruling on Pl.'s Mot. for Class Certification (ECF No. 215) at 9.

-4-

counsel should contact chambers.

It is so ordered.

Dated this 17th of July 2025, at Hartford, Connecticut.

```
                          /s/ AWT
                     Alvin W. Thompson
                  United States District Judge
```