# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Robert Scott Batchelar** | : | |
| **Individually and on behalf of all** | : | |
| **Others similarly situated,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **Case No. 3:15-CV-01836 (AWT)** |
| | : | |
| **INTERACTIVE BROKERS, LLC,** | : | |
| **INTERACTIVE BROKERS GROUP,** | : | |
| **INC.** | : | |
| **and THOMAS A. FRANK:** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR
## PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH DEFENDANTS

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants (with supporting Memorandum of Law in Support) (the "Motion"). The Motion attaches and incorporates a Stipulation and Settlement Agreement (the "Settlement") that sets forth the terms and conditions for the settlement of claims, on a class-wide basis, against Defendants, Interactive Brokers, LLC, Interactive Brokers Group, Inc, and Thomas A. Frank (collectively "IB" or "Defendants", and along with Plaintiffs, the "Parties"); and (b) the Declaration of Jacob Kamenir ("Kamenir Declaration") and exhibits thereto setting forth the proposed Notice Plan for Settlement Class Members, and Settlement Administrator's duties and the manner in which the Settlement Administrator will execute the Notice Plan.

Having carefully considered the Motion and the Settlement, and all of the files, records, and proceedings herein, and the Court determining that it likely will be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); that it likely will be able to certify a class for purposes of judgment on the Settlement under Rules 23(a) and (b)(3); that the proposed

plan of notice to the Settlement Class is reasonably calculated under all the circumstances to apprise Settlement Class Members of the nature of the action, the scope of the Settlement Class, the terms of the Settlement Agreement, the rights of the Settlement Class Members to object and to opt out, and appear at the Final Fairness Hearing all in a manner that comports with the requirements of due process ; and that a hearing will be held after notice to the Settlement Class to determine whether the Settlement is fair, reasonable, and adequate, and to determine whether this Court should enter a Final Order of Approval, approving the Settlement and judgment or order of dismissal of this action based upon the Settlement, **NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1.    Unless otherwise defined herein, capitalized terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement.

2.    The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the members of the Settlement Classes described below.

### Preliminary Approval of Proposed Settlement

3.    The Court finds that, subject to the Final Fairness Hearing, the Court will likely be able to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class, especially considering the risks and delay of continued litigation. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations involving experienced counsel; (b) is sufficient to warrant notice of the Settlement and the Final Fairness Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendants.

### Preliminary Certification of Settlement Class

4.    Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and in accord with the Settlement Agreement and solely for purposes of judgment on the proposed Settlement, the Court preliminarily approves the following Settlement Class:

5.    Other than those excluded in the subsections A through K below, all United States residents who at any time from 12/18/2013 to 7/14/2025 had margin accounts with IB, which accounts had trades executed by the A-L Software, for which the actual execution price of the trade was such that the ratio of [Margin Improvement]/[Cost to Liquidate] falls in the range greater than zero but less than three, excluding:

A)  Federal judges who preside or have presided over this case;

B)  The staff of federal judges who have presided over this case;

C)  The immediate family of federal judges who have presided over this case;

D)  Persons employed by any of the Defendants;

E)  Persons employed by any of the affiliates of any of the Defendants;

F)  Attorneys for any Defendant and other lawyers in those lawyer's firms and the immediate family of those attorneys;

G)  Attorneys for Plaintiff or the Class and other lawyers in those lawyer's firms and the immediate family of those attorneys;

H)  Persons who have litigated, arbitrated or negotiated a resolution of this claim with one or more Defendants related to liquidation of their margin account;

I)  Transactions on behalf of United States residents if those transactions were for the purchase or sale of currency (FX);

J)  Any liquidation transaction conducted by the A-L Software in "forced" or immediate" mode, if any, and

K)  All Litigated/Excluded Accounts. The identity of all Settlement Class members is known and the full list of Settlement Class members will be filed with the Court under seal. That list will be used to provide personal notice, pursuant to the Notice Plan, to each Settlement Class Member. The list of all Litigated/Excluded Accounts and the list of persons who have previously, individually litigated, arbitrated or negotiated a resolution of this claim with one or more Defendants related to liquidation of their margin account will also be filed under seal. After all timely opt-out notices have been receive a final list of Settlement Class Members will be filed with the Court under seal and that final list, after elimination

of opt-outs shall be the members of the Settlement Class for all purposes, including compensation, release, res judicata, and otherwise.

6.     All persons who are members of the Settlement Class are referred to collectively as "Settlement Class" or individually as a "Settlement Class Member."

7.     For the same reasons previously articulated in this Court's Class Certification Order (ECF No. 215) and for purposes of effectuating the Settlement, the Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is likely comprised of thousands of individuals/entities/members; there are questions of law or fact common to the Settlement Class (e.g., whether the negligence and other alleged conduct of the Defendants proximately caused actual injury); the Class Representative's claims are typical of those of Settlement Class Members; and the Class Representative and Class Counsel/Additional Counsel will fairly and adequately protect the interests of the Settlement Class. In addition, the Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for the same reasons previously articulated in this Court's Class Certification Order (ECF No. 215) and for purposes of effectuating the Settlement: the common questions of law and fact predominate over individualized issues, and a class action is superior to other available methods of fairly and efficiently adjudicating the controversy. The predominance and superiority findings are further supported by the fact that as a Settlement Class individual issues will not be placed in issue beyond the calculation of individual damages amounts for each Settlement Class Member, which can be accomplished mathematically from data maintained by Defendants.  Additionally, the Court finds that the Settlement Class is ascertainable with the identity of each class member determinable from Defendants' records.

8.      Under Federal Rule of Civil Procedure 23, and for the same reasons previously articulated in this Court's Class Certification Order (ECF No. 215) and for purposes of effectuating the Settlement, Plaintiff, Robert Scott Batchelar, is hereby appointed Settlement Class Representative for the Settlement Class and the following counsel are hereby appointed as Class Counsel for the Settlement Class: William M. Bloss and Christopher M. Mattei of Koskoff, Koskoff & Bieder, P.C.; Gilbert I. Low, Jack P. Carroll, and Gary N. Reger of Orgain, Bell and Tucker, LLP; L. DeWayne Layfield of the Law Office of L. DeWayne Layfield, PLLC; and Reagan Reaud of Reaud & Associates P.C.

9.      The Court finds that the above attorneys are competent and capable of exercising the responsibilities of Class Counsel, and that Plaintiffs and Class Counsel will adequately protect the interests of the Settlement Classes defined above.

### Notice and Administration

10.     The Court hereby approves Simpluris, Inc. ("Simpluris") as the Settlement Administrator and directs Simpluris to perform the functions and duties of the Settlement Administrator set forth in the Settlement and the Kamenir Declaration— including providing notice to the Settlement Class—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

11.     The Court has carefully considered the forms and methods of notice to the Settlement Class as set forth in the Settlement and the Kamenir Declaration, and its supporting exhibits. The Court finds that the Notice Plan satisfies the requirements of due process and complies with Rule 23 of the Federal Rules of Civil Procedure. The Notice Plan is reasonably calculated under all of the conditions to apprise Settlement Class Members of the nature of this Action, the scope of the Settlement Class, the terms of the Settlement, the rights of Settlement Class Members to object to or

opt out of the Settlement and the process for doing so, and the date, time, and location of Final Fairness Hearing. The Court therefore approves the Notice Program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement, this Order and the plan articulated in the Kamenir Declaration, filed as an exhibit to the Motion for Preliminary Approval.

12. The Court hereby approves the Notice Plan and the form, content, and requirements of the Email Notice (attached to the Kamenir Declaration as Exhibit B-1), the Mail Notice (attached to the Kamenir Declaration as Exhibit B-2), and the Long-Form Notice (attached to the Kamenir Declaration as Exhibit B-3) (collectively referred to as the Notice). The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Order.

13. The Settlement Administrator shall cause the Notice Plan to be executed within forty-five (45) calendar days following the entry of this Order (the "Settlement Notice Date"). Class Counsel, prior to the Final Fairness Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan. The Settlement Administrator shall maintain the Settlement Website to provide full information about the Settlement.

<u>**Requests for Exclusion, Objections, and Appearances**</u>

14. Any Settlement Class Member who wishes to request to be excluded from the Settlement <u>must</u> send a written "Request for Exclusion" to the Settlement Administrator at the following address: Interactive Brokers Software Settlement c/o Settlement Administrator, P.O. Box 25266, Santa Ana, CA 92799. To be valid, the Request for Exclusion must be postmarked within 75 days after distribution of Notice; must include the name and number of the case; must

clearly state the Settlement Class Member's desire to be excluded from the Settlement Class, and include the Settlement Class Member's name, current address, telephone number, and the Settlement Class Member's signature.

15.     Settlement Class Members who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Defendants.

16.     If a Request for Exclusion is <u>not</u> postmarked within 75 days after distribution of Notice , it will be invalid and the Settlement Class Member will be included as a member of the Settlement Class automatically and be bound by the terms of the Settlement and the Final Approval order and Final Judgment or Order of Dismissal even if they have previously initiated or subsequently initiate individual litigation or any other proceedings against Defendants.

17.     The Settlement Administrator shall promptly provide all Parties with copies of any Request for Exclusion, and Plaintiff and the Settlement Administrator shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Fairness Hearing.

18.     Any Settlement Class Member who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and litigation expenses, or to the service awards to the Class Representatives must file with the Court a written statement (along with any supporting papers), postmarked or filed within 75 days after the date of Notice distribution. The objection deadline shall be stated as a date certain in the Notice as distributed to the Settlement Class Members and on the Settlement website.  Objections must contain all of the following information: (i) a caption or title that identifies it as "Objection to Class Settlement in Batchelar v. Interactive Brokers, Case No. 3:15-cv-01836 (AWT), (ii) the objector's full name, address, and telephone number; (iii) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of

a Settlement Class Member and the basis of such legal entitlement; (iv) all grounds for the objection, including all evidence, citations to legal authority, and legal argument; (v) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (vi) the objector's handwritten or electronically imaged written signature. If the objector wishes to appear at the Final Fairness Hearing either personally or through counsel who files an appearance with the Court in accordance with the Local Rules, the objector must indicate his or her intention on his or her written objection letter. If an objection does not contain all of this information, is mailed to the incorrect address, or is postmarked after the objection deadline, the objection will be considered invalid and the objector will be deemed to have waived his or her objection.

19.     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

20.     A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Fairness Hearing as set forth above may appear at the Final Fairness Hearing in person or through counsel to be heard orally regarding his or her objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Fairness Hearing. No Settlement Class Member wishing to

be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and costs and/or the request for service awards to the Class Representatives will be heard unless that Settlement Class Member has filed a timely written objection as set forth above, including a statement that the Settlement Class Member intends to appear at the Final Fairness Hearing. No non-party will be heard at the Final Fairness Hearing.

21.    Any Settlement Class Member who does not make an objection to the Settlement in the manner provided herein shall be deemed to have waived and forfeited any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Fairness Hearing; shall be precluded from seeking review of the Settlement by appeal or other means; and shall be bound by all terms of the Settlement and by all proceedings, orders, and judgments in the Action.

### Final Fairness Hearing

22.    The Final Fairness Hearing is hereby scheduled to be held before this Court on   June 17, 2026   at   1:00   p.m. EST in the South Courtroom of the Abraham Ribicoff Federal Building, United States Courthouse, 450 Main Street, Hartford, Connecticut 06103 for the following purposes:

> (a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b)(3) are met;
>
> (b) to determine whether the Settlement is fair, reasonable, and adequate, and should be given final approval by the Court;
>
> (c) to determine whether the judgment/order of dismissal as provided under the Settlement Agreement should be entered;

(d)  to consider the application for an award of attorneys' fees and litigation expenses of Class Counsel;

(e)  to consider the application for service awards to the Settlement Class Representative; and

(g) to rule upon such other matters as the Court may deem appropriate.

23.    On or before thirty (30) days after the Settlement Notice Date, Class Counsel shall file papers in support of final approval of the Settlement and any application for attorneys' fees, litigation expenses and service awards to the Settlement Class Representatives (collectively referred to as the "Motions"). Class Counsel may file a reply in support of their Motions and responding to any objection no later than seven (7) days before the Final Fairness Hearing.

24.    The Final Fairness Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Fairness Hearing, the Court may enter a Final Approval order and Final Judgment/Order of Dismissal in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.  It is the obligation of those eligible to and wishing to appear at the Final Fairness Hearing to remain informed of the date, time and location of the Final Fairness Hearing.

25.    For clarity, the deadlines the Parties and members of the Settlement Classes shall adhere to are as follows:

## DEADLINES SUMMARY

- Deadline for Defendants to provide updated Settlement Class List to Class Counsel and Simpluris: **February 10, 2026**.

- Settlement Notice Date (Class Notice Sent by): **March 13, 2026**
- Motion for Final Approval and Application for Attorneys' Fees, Litigation Expenses, and Service Awards: **April 27, 2026**
- Request for Exclusion/Opt Out Deadline: **May 27, 2026**
- Objection Deadline: **May 27, 2026**
- Any Reply or Response to Objections: **June 10, 2026**
- Final Fairness Hearing: **June 17, 2026**

26. Settlement Class Members do not need to appear at the Final Fairness Hearing or take any other action to indicate their approval.

## **Further Matters**

27. All discovery and other pretrial proceedings in the Action as between the Plaintiffs and Defendants are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement and this Order.

28. In order to protect its jurisdiction to consider the fairness of the Settlement and to enter a Final Approval order and Final Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing or continuing to pursue all other proceedings in any state or federal court or any other proceeding that seeks to address Releasing Parties' or any Settlement Class Member's rights or claims relating to, or arising out of, any of the Released Claims.

29. The Settlement does not constitute an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any liability, fault, or

wrongdoing of any kind by Defendants, which vigorously deny all the claims and allegations raised in the Action.

30.     In the event that the Settlement is terminated under the terms of the Settlement, or if for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement shall be null and void, including any provisions related to the award of service awards or attorneys' fees and costs, shall have no further force and effect with respect to any Party in this Action, and may not be referred to or used as evidence or for any other purpose whatsoever in the Action or any other action or proceeding; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner of or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any Party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving Parties (or their counsel) shall oppose any such motion.

31.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such non-material modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

32. Class Counsel shall not make the final distribution of remaining funds to Settlement Class Members without petitioning the Court for approval.

It is so ordered.

Dated this 27th day of January 2026, at Hartford, Connecticut.

/s/ AWT

_____

Alvin W. Thompson
United States District Judge